## FREEDMAN v. MAGUIRE.

United States District Court,
S. D. New York.
March 24, 1953.

L. Ray Glass, New York City, for plaintiff.

Thaddeus G. Benton, New York City, for defendant.

EDELSTEIN, District Judge.

Defendant has moved for a reargument of his motions to dismiss and for summary judgment, and for the joinder of plaintiff's husband as co-plaintiff. See memorandum dated February 17, 1953.

In the original memorandum it was indicated that the second oral agreement alleged, having been consummated in Florida, presented a difficult conflict of laws problem to which the defendant had not addressed himself. The defendant has not yet addressed himself to that problem, but a careful re-examination of the papers leads me to believe that the alleged agreement may well have been consummated in New York. If that be true, it would be an executory accord, invalid because not in a writing signed by the defendant. New York Personal Property Law § 33–a. But even if that agreement is held to be invalid, summary judgment may nevertheless not be granted on the basis of the statute

of frauds because the alleged original oral agreement cannot, as a matter of law, be held invalid, at least at this stage of the proceedings. Personal Property Law § 31 "applies only to agreements which, by their terms, do not admit of performance within the period of one year from the time of their making. If performance, such as the parties contemplated, was possible within the year, however unlikely or even improbable that might be in the light of the surrounding circumstances, the agreement is not within the statute." Blakeley v. Agency of Canadian Car & Foundry Co., Sup., 73 N.Y.S.2d 573, 575, affirmed, 272 App. Div. 1001, 74 N.Y.S.2d 829, appeal denied, 272 App.Div. 1015, 74 N.Y.S.2d 906. The circumstance that performance did not actually occur within a year is not controlling and does not render the agreement void and unenforceable, ibid. It is distinctly within the realm of material factual issue whether the agreement by its terms did or did not admit of performance within the year. Further, the alleged oral agreement does not run afoul of § 33, New York Personal Property Law, as contended, since there is no indication whatever that it was made to change or modify or discharge, in whole or in part, any obligation.

My decision on the admissibility of parol evidence to explain the terms of the written release is that it is admissible, provided only that the proof so adduced be "most convincing". Wigmore, 3rd ed., vol. IX, § 2463, p. 207. Obviously, the determination of the quality of the proof to be adduced must be for the determination of the trial judge.

I adhere to my decision to deny the motions to dismiss and for summary judgment, but, upon reconsideration, I shall grant the motion to join the plaintiff's husband as a plaintiff, under Rule 19(b), Federal Rules of Civil Procedure, 28 U.S.C.A. It does appear that he has a joint interest with his wife in the controversy, and that he ought to be summoned to appear in this action so that the court can do complete justice by adjusting all rights in issue. Settle an order accordingly.