Stewart H. GRIMM, Jr., a minor, by his natural parent and next friend, Stewart H. Grimm, Sr.

v.

TRAILMOBILE, Inc.

Civ. A. No. 19924.

United States District Court
E. D. Pennsylvania.

May 4, 1956.

Harry P. Voldow, Philadelphia, Pa., for plaintiff.

Samuel P. Lavine (of Blanc, Steinberg, Balder & Steinbrook), Philadelphia, Pa., for defendant.

VAN DUSEN, District Judge.

This case is before the court on defendant's alternative motions to either dismiss the action under Fed.Rules Civ. Proc. Rule 12(b) (7), 28 U.S.C.A. for failure to join an indispensable party or to compel the joinder of a necessary party under Rule 19(b).

This is an action by a minor plaintiff, Stewart H. Grimm, Jr., to rescind a contract for the purchase of certain automotive trailers from the defendant on the ground of plaintiff's minority. Plaintiff seeks to recover all moneys paid on the transaction and also to recover certain certificates of title of vehicles owned by the plaintiff, said certificates having been delivered to the defendant as security.[1a]

Plaintiff contends that he was never questioned as to his minority at the time of contracting. He asserts that he was engaged in the hauling business on his own and had no partners or associates with any ownership interests.

Defendant, on the other hand, contends that the plaintiff was, in fact, in partnership with, or perhaps the mere agent of, his father, Stewart H. Grimm, Sr. Defendant engaged in lengthy discovery proceedings in an effort to sustain this contention. Defendant's motions are based on these discovery proceedings and on certain affidavits given by its employees. These alternative motions will be considered separately.

■ I. *Defendant's motion to dismiss under Rule 12(b)(7) for failure to join Stewart H. Grimm, Sr., as an indispensable party.* It can be argued with some merit that Stewart H. Grimm, Sr., is an indispensable party to this action. See 3 Moore, Federal Practice, § 19.07 (3rd ed.) and cases therein cited. However, it is unnecessary to decide this question since the same result is accomplished for the reasons stated under II below, and defendant's motion to dismiss under Rule 12(b)(7) will be dismissed.

■ II. *Defendant's motion under Rule 19(b) to compel the joinder of Stewart H. Grimm, Sr., as a necessary party.* Rule 19(b) provides, in part:

"When persons who are not indispensable, but who ought to be parties if complete relief is to be accorded between those already parties, have not been made parties and are subject to the jurisdiction of the court as to both service of process and venue and can be made parties without depriving the court of jurisdiction of the parties before it, the court shall order them summoned to appear in the action. * * *"

Since the joinder of Stewart H. Grimm, Sr., would raise no jurisdictional problem,[1] it becomes necessary for the court to determine if he "* * * ought to be [a party] if complete relief is to be accorded between those already parties * * *." An examination of the depositions of the plaintiff and his father and of various affidavits filed by defendant, reveals the following facts, among others:

1. Plaintiff was unable to satisfactorily explain the source of the funds with which he purchased certain equipment and made payments on the contracts in question (N. T. 36–9; cf. N. T. 85–7).

2. Plaintiff testified that he did not use the name "Stewart H. Grimm" and that said name referred to his father (N. T. 30–1). The affidavit of James J. Mooney, manager of the Philadelphia branch of the defendant avers that the business plaintiff claims as his own was registered under the Fictitious Names Act of Pennsylvania in the name of "Stewart H. Grimm."[2]

---

1a. In addition, plaintiff seeks in this action to recover the possession of a certain trailer allegedly wrongfully withheld from him by defendant.

1. Stewart H. Grimm, Sr. is admittedly a resident of Lancaster County, Pennsylvania (N.T. 3), and is thus clearly "* * * subject to the process of the court as to both service of process and venue * * *."; further, his joinder would not destroy the requisite diversity of citizenship now present.

2. It is to be noted, however, that Stewart H. Grimm, Jr. testified that he signed the name "Stewart H. Grimm" to the application for the fictitious name (N.T.

3. Ray S. Grimm, the brother of the plaintiff, was a partner of the father in the farming business (N. T. 35). Both the plaintiff's brother and father discounted certain notes for the plaintiff (N. T. 35, 88–9, 91, 94, 95).[3]

4. Plaintiff's father gave plaintiff a blank check which plaintiff subsequently filled in for $2,000. (N. T. 8). He gave plaintiff the check after plaintiff told him "* * * he was going to look at some used trailers." (N. T. 10).

5. In the purchase of certain other tractors by plaintiff (not from defendant), his father acted as his guarantor (N. T. 45, 128).

6. The affidavit of Albert B. Elwell, office manager of the defendant, states that the father visited the premises of the defendant in connection with plaintiff's transaction with the defendant, which is the subject of this action.[4]

These facts create an inference that Stewart H. Grimm, Sr. was in some way interested, financially or otherwise, in his son's venture into the trucking business, in spite of the numerous assertions of father and son to the contrary (N. T. 5–6, 8, 9, 21, 23, 75, 98).

Ordinarily, a plaintiff should not be hampered in his prosecution of a cause of action by having a party whom he claims has no interest in the case joined with him as an additional plaintiff. However, in view of the broad language of Rule 19(b) and the above-stated facts taken from the record, Stewart H.

Grimm, Sr. appears to be a necessary party to this action at this stage of the proceedings. See Freedman v. Maguire, D.C.S.D.N.Y.1953, 111 F.Supp. 171; 3 Moore, Federal Practice, § 19.07 (3rd ed.).

 Furthermore, it appears of record that defendant intends to file a counterclaim against the "* * * owner of the Grimm Transportation Company."[5] Leave will be granted defendant to file such a counterclaim within thirty days of this order.[6]

The following language of Rules 20(a) and 21 makes such a procedure applicable here, since at the trial, as the testimony is developed, if it appears that Stewart H. Grimm, Sr. is not a proper party to the action, he may be dismissed as a party:[7]

"A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief * * *." Rule 20(a).

"Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately." Rule 21.

---

146–7). Stewart H. Grimm, Sr. denied signing said application (N.T. 23).

3. Certain of these notes were made payable to Ray S. Grimm only and others were made payable to Ray S. Grimm and one "S. H. Grimm," who is admittedly the father (N.T. 94, 95).

4. This was denied by Stewart H. Grimm, Sr. (N.T. 24).

5. See first full paragraph on page 2 of defendant's brief filed with the court on 4/3/56. Since Stewart H. Grimm, Sr. may be one of the owners of the Grimm

Transportation Co., making possible such a counterclaim against him, as well as his son, would appear to be in the interest of justice.

6. See opinion of Judge Clary in Noerr Motor Freight, Inc., v. Eastern Railroad Presidents Conference, D.C.E.D.Pa., 19 F.R.D. 146.

7. It should be noted that the same result might attain had defendant chosen to file a separate action against Stewart H. Grimm, Sr. and then moved for consolidation with the action herein under the provisions of Rule 42(a).

### Order.

Now, this 4th day of May 1956, It Is Ordered that defendant's motion under Rule 12(b) (7) to dismiss the action for failure to join an indispensable party is denied, and defendant's motion under Rule 19(b) to compel the joinder of Stewart H. Grimm, Sr. as a necessary party is granted.[8] Leave is also given to defendant to file a counterclaim within 30 days from the date of this order.

---

**8.** Though the motion is not here presented, counsel for defendant may consider the joinder of Stewart H. Grimm, Sr. as a third-party defendant under F.R.Civ. P. 14(a) in order to secure protection against the possibility that the trial judge rules that he is not a proper party plaintiff as the testimony develops at the trial.