# DUCKWORTH, WARDEN *v.* SERRANO

No. 80–2041.   Decided October 19, 1981

PER CURIAM.

The motion of respondent to proceed *in forma pauperis* and the petition for writ of certiorari are granted.

This habeas corpus case involves the presentation to a federal appellate court of an ineffective-assistance-of-counsel claim that had never been raised in a state court. Respondent, Isadore Serrano, was convicted of the murder of Debra Gomez in Sunnyside Park, East Chicago, Ind. At trial, Norma Hernandez testified that Serrano had told her that he had killed Gomez. The respondent was represented by William Walker. Upon cross-examination, Mrs. Hernandez stated that the firm of Walker & Walker had represented her on a traffic ticket in the past and that she had asked William Walker to represent her on a pending robbery charge, unrelated to the Gomez slaying. Serrano did not challenge the effectiveness of counsel in his appeal to the Indiana Supreme Court, which affirmed his conviction, *Serrano* v. *State*, 266 Ind. 126, 360 N. E. 2d 1257 (1977), or before the Federal District Court, which dismissed his petition for a writ of habeas corpus.

The issue was first raised in the Court of Appeals for the Seventh Circuit, which reversed the District Court's dismissal on grounds that Serrano's attorney's representation of a prosecution witness constituted a *per se* violation of the Sixth Amendment guarantee of effective representation. 654 F. 2d 725 (1981). While acknowledging that the ineffective-assistance argument had never been presented to the state courts, the court nevertheless decided that "in view of the clear violation" of respondent's rights and "in the interest of judicial economy," there was no reason to await the state court's consideration of the issue. App. to Pet. for Cert A–3.

No cases were cited by the Court of Appeals in support of its decision. Nor could such support reasonably be found.[1] It has been settled for nearly a century that a state prisoner must normally exhaust available state remedies before a writ of habeas corpus can be granted by the federal courts. *Ex parte Royall*, 117 U. S. 241 (1886); *Ex parte Hawk*, 321 U. S. 114 (1944); *Irvin* v. *Dowd*, 359 U. S. 394, 404–405 (1959); *Nelson* v. *George*, 399 U. S. 224, 229 (1970); *Picard* v. *Connor*, 404 U. S. 270 (1971); *Pitchess* v. *Davis*, 421 U. S. 482 (1975). The exhaustion requirement, now codified in the federal habeas statute, 28 U. S. C. §§ 2254(b) and (c),[2] serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights. *Picard* v. *Connor, supra,* at 275; *Wilwording* v. *Swenson*, 404 U. S. 249, 250 (1971). An exception is made only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief. See, *e. g.*, *Wilwording* v. *Swenson, supra,* at 250. State courts are "equally bound to guard and

---

[1] *Roberts* v. *LaVallee*, 389 U. S. 40 (1967), referred to by respondent as an example where the possibility of success in the state courts did not require denying relief, is not to the contrary. The habeas petitioner in *Roberts* thoroughly exhausted his state remedies, and we held, relying upon *Brown* v. *Allen*, 344 U. S. 443, 449, n. 3 (1953), that "Congress had not intended 'to require repetitious applications to state courts.'" 389 U. S., at 42.

[2] Title 28 U. S. C. § 2254 provides in pertinent part:

"(b) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court should not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

"(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

protect rights secured by the Constitution," *Ex parte Royall,
supra,* at 251, and here neither the Court of Appeals nor the
respondent contends that Indiana's postconviction proce-
dures are inadequate to adjudicate the ineffective-assistance
claim.[3] Because obvious constitutional errors, no less than
obscure transgressions, are subject to the requirements of
§ 2254(b), the Court of Appeals was obligated to dismiss re-
spondent's petition.

Sound judicial policy points in the same direction. Creat-
ing a new exception for "clear violations" would not promote
judicial economy, but rather would invite habeas petitioners
to make a practice of first seeking relief on these grounds in
federal courts. Significantly more time and resources would
be consumed as district and appellate courts examined the
merits to determine whether a claim met the requisite level
of validity to justify dispensing with the exhaustion require-
ment. It is likely that in most cases the violation would not
be so "clear" and that state prisoners would be directed to
seek relief in the state system. Moreover, even when such
clear violations are found, considerations of federal-state
comity would still inhere, and it would be unseemly in our
dual system of government for the federal courts to upset a
state-court conviction without affording to the state courts
the opportunity to correct a constitutional violation. *Picard
v. Connor, supra,* at 275.

---

[3] Indiana Rules of Procedure for Post-Conviction Remedies, Rule 1, § 1,
provides that

"(a) Any person who has been convicted of, or sentenced for, a crime by
a court of this state, and who claims

"(1) that the conviction or the sentence was in violation of the Constitu-
tion of the United States or the constitution or laws of this state

.     .     .     .     .

". . . may institute at any time a proceeding under this rule to secure
relief."

The Seventh Circuit has previously recognized that resort to this proce-
dure was necessary to fully exhaust state remedies. *Evans* v. *Lane,* 419
F. 2d 1337, cert. denied, 398 U. S. 939 and 944 (1970).

The Court of Appeals engrafted an exception onto the habeas statute not envisioned by Congress, inconsistent with the clear mandate of the Act, and irreconcilable with our decisions requiring the exhaustion of state judicial remedies. Therefore, the judgment of the Court of Appeals is reversed, and the case is remanded to that court for further proceedings consistent with this opinion.

*So ordered.*

JUSTICE MARSHALL dissents.