**Rene SANTANA, Petitioner,**

v.

**Peter FENTON, Superintendent, Rahway State Prison and the Attorney General of New Jersey, Respondents.**

**Civ. No. 79–3296.**

United States District Court,
D. New Jersey.

Jan. 31, 1983.

David A. Ruhnke, Asst. Federal Public Defender, Newark, N.J., for petitioner.

Irwin I. Kimmelman, Atty. Gen. of N.J., Trenton, N.J., George L. Schneider, Prosecutor of the Pleas for Essex County, by Hilary L. Brunell, Asst. Prosecutor, Newark, for respondents.

## MEMORANDUM

BIUNNO, Senior District Judge.

This case was remanded by the U.S. Court of Appeals for the Third Circuit, with

---

instructions to dismiss the petition for failure to exhaust state remedies, leaving petitioner the choice of returning to state court to exhaust his claims, or of amending or resubmitting the habeas petition to submit only exhausted claims to the district court, citing *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), see 685 F.2d 71, at 78.

Shortly after the order in lieu of mandate was filed by the clerk of this court, an order was entered to carry out the instructions mentioned.

Thereafter, petitioner's attorney submitted for entry an order, consented to as to both "form and entry" by both sides.

The order proposed would direct that the petition originally filed here on November 16, 1979 be amended to assert a single ground for relief (¶ 11–B, at p. 2 of the petition, and argued at pages 20 through 37 of the petition).

The ground specified in ¶ 11–B reads: "Conviction obtained by a violation of petitioner's privilege against self-incrimination."

The heading on the argument pages indicated reads:

"THE PROSECUTORS' REMARKS IN SUMMATION CONSTITUTED AN IMPERMISSIBLE COMMENT ON DEFENDANT'S FAILURE TO TESTIFY, IN VIOLATION OF PETITIONER'S FIFTH AND FOURTEENTH AMENDMENT RIGHTS."

This is the ground on which this court originally had granted a conditional writ; see *Santana v. Fenton,* 570 F.Supp. 752 (D.N.J.1981), and the discussion on appeal in 685 F.2d at 72–73.

The difficulty here is that petitioner has failed to demonstrate that he has exhausted state remedies available when his petition was filed, with respect to the comments in summation that are complained of.

In another § 2254 matter, an extensive analysis by this court has shown that every item that may be the subject of a claim for § 2254 relief is, under the 1947 N.J. Constitution, a matter appealable as of right, and not by permission, to the Supreme Court of New Jersey. See *U.S. ex rel. Herring v. Fenton,* 531 F.Supp. 937, especially at 943–947 (D.N.J.1981).

That decision was handed down after this court's ruling in *Santana,* 570 F.Supp. 752 (D.N.J.1981), and while *Rose,* supra, had not yet been decided, it is in accord with the direction of *Rose* that the exhaustion requirement must be "vigorously enforced", see 685 F.2d at 77.

The analysis in *Herring,* that the scope of § 2254 review is necessarily included within the scope of issues for which there is a constitutional right of appeal under New Jersey's constitution, also is echoed by the exception to the bar otherwise raised to post-conviction relief, N.J. Court Rule R. 3:22–4(c), and see the discussion under heading B–1, 685 F.2d at 74–76.

The history in *Herring* is instructive. After entry of a dismissal without prejudice, petitioner there returned to the State courts for post-conviction review, and after exhaustion filed an amended petition here. The disposition on the merits (aside from the exhaustion issue) was the same as set out in the initial opinion, and on appeal therefrom the denial of relief was affirmed on the merits January 6, 1983 by judgment order of the U.S. Court of Appeals, 707 F.2d 1392 (CA–3, 1983).

The order entered here after the order on remand complied expressly with the directions of the Court of Appeals. Those directions put the choice to petitioner, and so did this court's order.

The opinion of the Court of Appeals took care to note that the State did not argue failure to exhaust on the claim now sought to be presented again, and that "[b]ecause of our disposition of the case, however, we need not decide whether either of these issues were presented to the New Jersey courts." Also, the court observed that "State prosecutors may not waive or concede exhaustion." See 685 F.2d at 73, footnotes 1 and 2.

Putting the amendment in the form of a consent order does not alter its nature or

effect, and the court's signature, if added, would have no legal significance. Even before *Rose,* the Supreme Court refused to allow a Court of Appeals to carve out an exception to the exhaustion requirement for cases where there was a "clear violation" of constitutional rights, and no reason to await the State court's consideration of the issue "in the interests of judicial economy". *Duckworth v. Serrano,* 454 U.S. 1, 102 S.Ct. 18, 70 L.Ed.2d 1 (1981) and the comment thereon in *Herring,* 531 F.Supp. at 946.

Petitioner will need to make his own choice, without the benefit of stipulation or order. If he chooses to amend, as he may, and if the amended petition also fails to establish exhaustion under analysis of *Herring,* he may find that the doors here are closed for good, as cautioned in *Rose.*

Since the court is of the view that neither the respondent nor the court should play any part on the decision whether to amend now (for which permission has already been given) or to seek post-conviction relief in the State courts on up through an appeal of right to the Supreme Court, before filing here again, it withholds its approval of the tendered order. A copy is supplied to the clerk so that it will be part of the record.