Philip Martin TIERNEY, Petitioner,

v.

Gerald T. FREY, Sup't., Missouri Eastern Correctional Center, Pacific, Missouri, et al., Respondents.

No. 83–169 C (D).

United States District Court, E.D. Missouri.

Jan. 13, 1984.

Philip Martin Tierney, pro se.

John Ashcroft, Atty. Gen., John C. Reed, Asst. Atty. Gen., Jefferson City, Mo., for respondents.

## MEMORANDUM AND ORDER

WANGELIN, District Judge.

This matter is before the Court upon petitioner's motion to reconsider the order of this Court dated November 29, 1983. The Court in that order adopted the previous Report and Recommendation of the United States Magistrate and denied petitioner's request for habeas corpus relief for failure to exhaust available state remedies.

The facts of the case are set forth in detail in the magistrate's report, filed September 22, 1983. Essentially, petitioner argues that respondents' action increasing the minimum time for commutation of sentence from the 6/12 to the 7/12 date, without first providing him a hearing, violated his due process rights. Petitioner argues that his failure to pursue a remedy in state court should be excused, because past Missouri decisions have not recognized the right to commutation of sentence as a property right. *See, e.g., Parrish v. Wyrich,* 589 S.W.2d 74 (Mo.App.1979). Therefore, he argues, state courts likely would not afford him relief.

■■■ It is well established that a state prisoner must exhaust available state remedies before habeas corpus will issue. *Duckworth v. Serrano,* 454 U.S. 1, 102 S.Ct. 18, 19, 70 L.Ed.2d 1 (1982). Petitioner's bypass argument as presented has previously been considered and flatly denied by the United States Supreme Court:

[T]he futility of presenting an objection to the state courts cannot alone constitute cause for a failure to object at trial. If a defendant perceives a constitutional claim and believes it may find favor in the federal courts, he may not bypass the state courts simply because he thinks they will be unsympathetic to the claim. Even a state court that has previously rejected a constitutional argument may decide, upon reflection, that the contention is valid.

*Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 1572–73, 71 L.Ed.2d 783 (1982). Accordingly, this Court's dismissal for failure to exhaust state remedies will stand.

■■■ Petitioner requests, in the alternative, leave to file an interlocutory appeal *in forma pauperis.* First, since petitioner has heretofore proceeded *in forma pauperis,* no further authorization is required to so proceed on appeal. Fed.R.App.P. 24(a). Second, since this is a final order disposing of the case, petitioner is free to appeal immediately. Hence, a request for leave to file an interlocutory appeal is not required. However, a certificate of probable cause for appeal is required for petitioner to proceed, and it is not unreasonable to construe petitioner's alternative request as a request for a certificate of probable cause. Such request will be denied since the Court finds little if any valid basis for appeal.

Accordingly,

IT IS HEREBY ORDERED that petitioner's motion to reconsider this Court's order be and is DENIED; and

IT IS FURTHER ORDERED that petitioner's request for certificate of probable cause for appeal be and is DENIED.