815 F.2d 78
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert LADANY, Petitioner-Appellant,
v.
Arthur TATE, Jr., Supt., Respondent-Appellee.
 No. 86-3582.
 United States Court of Appeals, Sixth Circuit.
 Feb. 20, 1987.
 
 Before: MERRITT and MILBURN, Circuit Judges; and PECK, Senior Circuit Judge.
 MERRITT, Circuit Judge.
 
 
 1
 Robert Ladany appeals from the District Court's dismissal of his habeas corpus petition filed under 28 U.S.C. Sec. 2254. The court below refused the writ after considering the merits of Mr. Ladany's claims. Since we find that petitioner has failed to exhaust an important remedy provided by the State of Ohio, we now affirm this dismissal without reaching the merits.
 
 
 2
 It is well-established that a writ cannot issue under the federal habeas statute unless remedies provided by the state have been fully exhausted. 28 U.S.C. Sec. 2254(b)-(c); Ex parte Hawk, 321 U.S. 114 (1944); Duckworth v. Serrano, 454 U.S. 1 (1981). The exhaustion requirement minimizes friction between our dual state and federal judicial systems by allowing the State a full opportunity to correct its own errors, even where a clear constitutional violation has been committed. Picard v. Connor, 404 U.S. 270, 275 (1971); Duckworth, 454 U.S. at 4. An exception to the exhaustion requirement is available "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." Duckworth, 454 U.S. at 3.
 
 
 3
 In the present case, Mr. Ladany argues that he has exhausted his state remedies because his counsel failed to appeal the denial of his petition for post-conviction relief, thereby denying him further access to the Ohio courts on those claims. However, because Ohio law authorizes successive petitions for post-conviction relief even if based on the same facts, an Ohio remedy does remain. Ohio Rev. Code Sec. 2953.23. Although the trial judge has discretion to dismiss a second petition, we cannot say that it would be futile under the circumstances present here for Mr. Ladany to file another application for post-conviction relief. See Duckworth, 454 U.S. at 3. There is a substantial likelihood that a second petition will be entertained if only to allow Mr. Ladany access to the Ohio Court of Appeals. On these facts, we hold that a second petition for post-conviction relief must be presented to the Ohio courts before Mr. Ladany can claim exhaustion of state remedies for purposes of 28 U.S.C. Sec. 2254.
 
 
 4
 Although we do not reach the merits of Mr. Ladany's petition, we note that he has produced evidence which, on the surface, casts some doubt on his guilt. As the Supreme Court has consistently stated, however, comity requires that the state be given every opportunity to correct error before relief may be sought in federal court. See Duckworth, 454 U.S. at 4. Once the Ohio courts have disposed of Mr. Ladany's claims in a manner that clearly indicates the futility of future state proceedings, federal habeas review will again be available.
 
 
 5
 Accordingly, the petition for a writ of habeas corpus is dismissed.