900 F.2d 259
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mark Lawrence DYER, Petitioner-Appellant,
v.
Ralph EVITTS; Don Reese, Respondents-Appellees.
 No. 89-5976.
 United States Court of Appeals, Sixth Circuit.
 April 16, 1990.
 
 1
 Before KEITH and MILBURN, Circuit Judges, and GEORGE E. WOODS, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Petitioner appeals the dismissal of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. He filed his petition for habeas corpus relief seeking restoration of the good-time credits he lost as a result of being found guilty of refusing to obey a direct order and possession of dangerous contraband. Petitioner maintained: (1) that he was denied due process when, in violation of CPP Rule 15.6(E)(2), the tape recorder used to record his hearings was turned off and on at the discretion of the committee members; and (2) that he was denied due process when the warden, in denying his administrative appeals, stated his basis for such denial as "Due to Evidence." Upon the recommendation of a magistrate, the district court determined that both hearings before the adjustment committee were conducted in compliance with the minimal measure of due process as set forth in Wolff v. McDonnell, 418 U.S. 539 (1974). The court further determined that petitioner had not first exhausted available state court remedies as to his efforts to have his good-time credits restored and dismissed the petition for habeas corpus relief. Petitioner then filed this appeal.
 
 
 4
 Based upon a careful review of the record as well as the pro se brief, this court concludes that the district court did not err in dismissing the petition for a writ of habeas corpus. First, petitioner cannot legitimately claim that the adjustment committee's actions during the disciplinary proceedings denied his due process rights. Due process does not require the tape recording of disciplinary hearings. In the context of a disciplinary hearing, due process requires only that the prisoner receive 24 hours written notice of the charges, an opportunity to present evidence and call witnesses, and a written statement of the evidence relied on. See Wolff, 418 U.S. at 563-67. A review of the record indicates that petitioner's hearings before the adjustment committee comported with the requirements of Wolff. Moreover, petitioner is not entitled to relief insofar as he claims his due process rights were violated on his administrative appeals. "Administrative review of prison disciplinary actions is not required by the Fourteenth Amendment." See Kelly v. Cooper, 502 F.Supp. 1371, 1376 (E.D.Va.1980).
 
 
 5
 Second, petitioner's request for restoration of his good-time credits is prematurely raised in this habeas petition as he failed to first exhaust available state court remedies. See Duckworth v. Serrano, 454 U.S. 1 (1981) (per curiam). Thus, petitioner's failure to raise that issue in both the Kentucky circuit court and state appellate court precludes consideration of this claim in this petition. Kentucky provides an adequate remedy for restoration of petitioner's good-time credits in its habeas corpus statute. Ky.Rev.Stat. Sec. 419.020; see also Ky.Rev.Stat. Sec. 197.045 (good-time provisions). Until petitioner presents his claim to all levels of the Kentucky judicial system, his claim for restoration of good-time credits cannot be considered by this court.
 
 
 6
 For these reasons, the district court's judgment of dismissal is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable George E. Woods, U.S. District Judge for the Eastern District of Michigan, sitting by designation