959 F.2d 239
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lawrence DAWSON, Petitioner-Appellant,
v.
James THOMAS, Warden, Defendant-Appellee.
 No. 91-15629.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 25, 1992.*
Decided March 30, 1992.
 
 Before JAMES R. BROWNING, TANG and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lawrence Dawson, an Arizona state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition without prejudice for failure to exhaust state remedies. We review de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989), and we affirm.
 
 
 3
 A state prisoner must exhaust all available state remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254; Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam); Lindquist v. Gardner, 770 F.2d 876, 877 (9th Cir.1985). A petitioner satisfies the exhaustion requirement by fairly presenting all claims to the highest state court with jurisdiction to consider the claims. Picard v. Connor, 404 U.S. 270, 276 (1971).
 
 
 4
 Dawson concedes that he has not exhausted his state remedies but argues that state remedies are inadequate. He alleges that his attorney defaulted on his direct appeal by failing to file a timely brief and argues that it is unlikely that the Arizona courts will grant him relief if he files a petition for post-conviction relief pursuant to Ariz.R.Crim.P. 32. Dawson's allegations do not establish that his state remedies are inadequate or that exhaustion would be futile. See Duckworth, 454 U.S. at 3; Sweet v. Cupp, 640 F.2d 233, 236 (9th Cir.1981). State remedies are still available to him, and he must file a Rule 32 petition for post-conviction relief before a court may consider his claims in a section 2254 habeas corpus petition. See Johnson v. Lewis, 929 F.2d 460, 463-64 (9th Cir.1991).
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3