977 F.2d 587
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Edward E. ALLEN, Plaintiff-Appellant,
v.
STATE OF OREGON, Defendant-Appellee.
 No. 92-35351.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1992.*
Decided Sept. 29, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Edward E. Allen, an Oregon state prisoner, appeals pro se the dismissal of his habeas petition for failure to exhaust state remedies. We review de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989), and we affirm.
 
 
 3
 A state prisoner must exhaust all available state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b); Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam). The petitioner has the burden of alleging exhaustion. Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir.1981), cert. denied, 455 U.S. 1023 (1982). A petitioner satisfies the exhaustion requirement by fairly presenting all claims to the highest state court with jurisdiction to consider the claims. Picard v. Connor, 404 U.S. 270, 276, (1971).
 
 
 4
 On August 28, 1991, Allen was found guilty of theft in the first degree. Allen filed a document seeking to have his theft conviction set aside because he was denied his sixth amendment right to counsel. The district court construed the document as habeas petition under 28 U.S.C. § 2254 and entered an order of dismissal. The district court properly dismissed Allen's habeas petition because he failed to exhaust existing state court remedies.[1]
 
 
 5
 Allen contends that he had no state remedies to exhaust because there was never an entry of final judgment in the state court to appeal from. This contention lacks merit.
 
 
 6
 Allen filed a premature notice of appeal to the Oregon Court of Appeals prior to the entry of a judgment of conviction. On September 30, 1990, the trial court entered an order pursuant to Or.Rev.Stat. § 19.034. Section 19.034 provides the trial court with the authority to make a summary determination as to the appealability of an order, and to proceed through entry of a final judgment and sentencing upon a determination that a decision is not appealable. See Or.Rev.Stat. § 19.034. The trial court entered a final judgment pursuant to section 19.034 on October 1, 1990. Thus, Allen's contention that the trial court never entered a final judgment from which he could appeal is without merit. Accordingly, the district court was correct in dismissing Allen's habeas corpus petition. See Duckworth, 454 U.S. at 3; Cartwright, 650 F.2d at 1104.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 A direct appeal from the state court conviction was pending when this appeal was filed