978 F.2d 714
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Edward E. ALLEN, Petitioner-Appellant,
v.
STATE of Oregon, Respondent-Appellee.
 No. 92-35342.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 22, 1992.*
Decided Oct. 26, 1992.
 
 Before BEEZER, CYNTHIA HOLCOMB HALL and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Edward E. Allen, an Oregon state prisoner, appeals pro se the district court's order dismissing his 28 U.S.C. § 2254 habeas corpus petition[1] for failure to exhaust state remedies. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, Weygandt v. Ducharme, 774 F.2d 1491, 1492 (9th Cir.1985), and we affirm.
 
 
 3
 Allen was convicted of four counts of issuing a false financial statement in violation of Or.Rev.Stat. § 165.100. In his habeas petition, Allen sought to challenge the conviction based on allegations of ineffective assistance of counsel in the state trial court.
 
 
 4
 Allen concedes that he has not exhausted his state court remedies. He argues, however, that he should not be required to do so because an ineffective assistance of counsel claim cannot be addressed on direct appeal in the Oregon courts. This argument lacks merit.
 
 
 5
 A state prisoner must exhaust all available state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b); Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam). The petitioner can satisfy the exhaustion requirement by giving the highest state court a "fair opportunity" to consider each of his claims before he presents it to the federal habeas court. Picard v. Connor, 404 U.S. 270, 276 (1971).
 
 
 6
 Allen concedes that he has not exhausted his state remedies. Accordingly, the district court did not err in dismissing Allen's habeas petition. Duckworth, 454 U.S. at 3; Picard, 404 U.S. at 276.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Allen, in pro se filed a "Petition for Writ of Coram Nobis" seeking to set aside his state court conviction based on alleged violations of his sixth amendment right to counsel. The district court construed the document as a section 2254 habeas corpus petition