983 F.2d 1067
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronald LARKINS, Petitioner-Appellant,
v.
Terry L. MORRIS, Warden, Respondent-Appellee.
 No. 92-3394.
 United States Court of Appeals, Sixth Circuit.
 Dec. 10, 1992.
 
 Before RALPH B. GUY, Jr. and ALAN E. NORRIS, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and appellant's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). The appellee has notified the court that he will not be filing a brief.
 
 
 2
 Ronald Larkins appeals a district court order dismissing his state petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The trial court found Larkins guilty of aggravated felony murder, aggravated robbery, and attempted murder. He was sentenced to concurrent terms of life imprisonment for aggravated murder and seven to twenty-five years for attempted murder to run consecutively with the sentences for aggravated felony murder and aggravated robbery.
 
 
 3
 Larkins claimed: 1) he was denied due process when the trial court did not have a formal indictment thereby depriving the court of jurisdiction; 2) his convictions were based on insufficient evidence; 3) he was denied due process as the grand jury was not drawn from a fair cross-section of the community; 4) he received ineffective assistance of counsel; and 5) he was denied due process by a twenty-one month delay in the disposition of an application for post-conviction relief.
 
 
 4
 Upon review of the magistrate judge's report and recommendation, the district court dismissed the petition for lack of complete exhaustion of all claims. See Rose v. Lundy, 455 U.S. 509, 522 (1982). The court further decided that Larkins may obtain redress in the state courts. See Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam).
 
 
 5
 On appeal, Larkins argues that the district court incorrectly dismissed his petition without an evidentiary hearing, his state law remedies are nonexistent, and his claim of ineffective counsel had been fully exhausted. He also requests oral argument.
 
 
 6
 Upon review, we conclude that the petition was correctly dismissed for the reasons stated in the district court's Memorandum of Opinion and Order re: Dismissal of Case entered April 14, 1992. Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.