8 F.3d 29
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William Martin PAVLOFF, Petitioner-Appellant,
v.
William A. MERKLE; Dan Lungren, Attorney General of the
State of California, Respondents-Appellees.
 No. 93-15806.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1993.*
Decided Sept. 29, 1993.
 
 Before: FLETCHER, POOLE, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William Martin Pavloff, a California state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 petition for writ of habeas corpus. The district court determined that Pavloff had not exhausted available state remedies. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we review de novo. Thomas v. Lewis, 945 F.2d 1119, 1121 (9th Cir.1991). We affirm.
 
 
 3
 A state prisoner must exhaust all available state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b); Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam). A petitioner can satisfy the exhaustion requirement by giving the highest state court a fair opportunity to consider each of his claims before he presents them to the federal courts. Picard v. Connor, 404 U.S. 270, 275-76 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.1985), cert. denied, 478 U.S. 1021 (1986). If state remedies have not been exhausted, a district court must dismiss a petition filed pursuant to section 2254. Rose v. Lundy, 455 U.S. 509, 518-19 (1982).
 
 
 4
 Pavloff pleaded guilty to grand theft of computer equipment. In his instant petition, Pavloff alleges that his plea bargain was violated and that his assistance of counsel was ineffective. However, Pavloff has not presented his claims to the California Supreme Court.[1] Therefore, Pavloff has failed to exhaust his state remedies. See Picard, 404 U.S. at 275-76; Middleton, 768 F.2d at 1086. Accordingly, we affirm the dismissal of Pavloff's petition filed pursuant to section 2254. See Rose, 455 U.S. at 518-19.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Pavloff claims that he filed an appeal with the California Supreme Court. The record, however, indicates that the appeal was untimely and, therefore, not filed. Moreover, Respondents submitted an declaration from a deputy clerk of the California Supreme Court declaring that there was no record of either a petition for writ of habeas corpus or petition for review filed by Pavloff