25 F.3d 1056
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert William DeSPAIN, Petitioner-Appellant,
v.
Duane SHILLINGER, Warden of the Wyoming State Penitentiary
and the Attorney General of the State of Wyoming,
Respondents-Appellees.
 No. 93-8122.
 United States Court of Appeals, Tenth Circuit.
 June 1, 1994.
 
 Before LOGAN, SETH and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner, Robert William DeSpain, appearing pro se and in forma pauperis, appeals from the district court's Order denying his petition for a certificate of probable cause under 28 U.S.C. 2253 which followed the denial of his petition for a writ of habeas corpus under 28 U.S.C. 2243. The district court denied DeSpain's habeas corpus petition on the ground that DeSpain had failed, under 28 U.S.C. 2254, to exhaust state remedies before seeking federal habeas corpus relief. Following the same rationale, the district court subsequently denied DeSpain's petition for a certificate of probable cause. In order to reach the merits, we grant DeSpain's petition for a certificate of probable cause.
 
 
 3
 DeSpain alleged in his petition for a writ of habeas corpus that the retroactive application of subsequent amendments to the Wyoming parole board rules, which were in effect when he was initially sentenced, detrimentally affected his right to be brought before the parole board. He alleged that rather than being granted an annual parole hearing, as before, he now would only be granted hearings at five-year intervals. This change in parole procedure, DeSpain argues, is an ex post facto, due process, and equal protection violation of the United States and Wyoming State Constitutions.
 
 
 4
 Notwithstanding the fact that he did not file a post-conviction relief petition in state court, DeSpain argues that the district court should have reached the merits of his claim or granted a certificate of probable cause to appeal. As justification for bringing this petition directly into federal court, DeSpain claims that it is clear that he could not prevail in state court because two other inmates raised this identical claim to the Wyoming Supreme Court and were denied relief. Therefore, DeSpain contends, any attempt on his part to raise this claim in state court would be futile.
 
 
 5
 Since Ex parte Royall, 117 U.S. 241 (1886), it is well settled that, absent unusual circumstances, a petitioner should exhaust all available state remedies before filing a petition in federal court for a writ of habeas corpus. Picard v. Connor, 404 U.S. 270, 275 (1971); Rose v. Lundy, 455 U.S. 509, 515-20 (1982). The exhaustion doctrine's main purpose is to afford the state courts the initial opportunity to rule on the merits of the claim. Duckworth v. Serrano, 454 U.S. 1, 3 (1981)(per curiam ). The exhaustion doctrine, codified at 28 U.S.C. 2254, is a manifestation of federalism and comity and a recognition of state sovereignty. Rose, 455 U.S. at 515-20.
 
 
 6
 In order to avoid unnecessary conflict between state and federal courts, the federal claim must first be "fairly presented" to the state courts. Picard, 404 U.S. at 275 (citing Royall, 117 U.S. at 251). If the claim is not initially presented to the state courts, there is a "strong presumption" in favor of requiring exhaustion of state remedies. Castille v. Peoples, 489 U.S. 346, 349 (1989). "An exception is made only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." Duckworth, 454 U.S. at 3.
 
 
 7
 We agree with the district court that DeSpain's claim has not been fairly presented in state court. Because this issue did not exist at the time of the direct appeal and because DeSpain has not applied for state post-conviction relief, no state court has been given sufficient opportunity to rule on the merits of this claim.
 
 
 8
 Moreover, DeSpain can seek relief through the state procedures. This is not the unusual case where there is no opportunity to obtain redress in state court. Neither is the state corrective process so clearly deficient as to render futile any effort to obtain relief. Here, the mere denial of the claims of other inmates is insufficient to overcome the strong presumption in favor of exhaustion and does not make DeSpain's claim futile in state court.
 
 
 9
 Because the circumstances here do not justify a drastic departure from the normal procedures under federal law, we affirm the district court's denial of DeSpain's habeas corpus petition.
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470