37 F.3d 1504
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Jerry Wallace DAVIS, Petitioner-Appellant,
v.
Manfred MAASS, Superintendent, Oregon State Penitentiary,
Respondent-Appellee.
 No. 93-35858.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 15, 1994.*
Decided Sept. 21, 1994.
 
 1
 Before: REINHARDT and THOMPSON, Circuit Judges, and TASHIMA, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Jerry Wallace Davis, an Oregon state prisoner, appeals the district court's denial of his petition for a writ of habeas corpus. Davis claims he has been denied his right to due process by the failure of the Oregon Court of Appeal to review his conviction in a timely and effective manner. We have jurisdiction to review the district court's decision pursuant to 28 U.S.C. Secs. 1291 and 2253.
 
 
 4
 We review de novo the district court's decision to deny a petition for habeas corpus. See Hendricks v. Zenon, 993 F.2d 664, 668 (9th Cir.1993).
 
 
 5
 A state prisoner must exhaust all available state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. Sec. 2254(b) (1992); Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam). However, a petitioner need not exhaust state remedies "if the root of his complaint is his inability to do so." Coe v. Thurman, 922 F.2d 528, 530-31 (9th Cir.1990).
 
 
 6
 Because Davis had an appeal pending in the Oregon Court of Appeal, the district court denied Davis's petition on non-exhaustion grounds. Davis does not deny that he has a pending proceeding in the state courts. Rather, he contends he should not be required to exhaust his state remedies because the state court excessively delayed processing his appeal.
 
 
 7
 On March 30, 1994, after the district court's decision and the filing of the parties' briefs in this appeal, the Oregon Court of Appeal affirmed Davis's convictions and sentences without opinion. State v. Davis, No. A49467 (Or.App.1994). Davis filed a petition for review of that decision on May 19, 1994. No ruling on that petition has been made.
 
 
 8
 In Coe, 922 F.2d at 532-33, we stated if a habeas petitioner successfully establishes his right to due process was violated due to excessive delay in the state courts' processing his appeal, the remedy is to "enter an order stating that the prisoner must be released if the [state court of appeal] has not heard his appeal within 90 days of the filing of this opinion."
 
 
 9
 Even if we were persuaded that a constitutional violation occurred because of excessive delay in processing Davis's appeal, the remedy we would grant has already occurred--Davis's appeal has been decided. At the present time he has a petition for review which is still pending. He has not exhausted his state remedies, and we will not rule on his habeas corpus petition.[1]
 
 
 10
 The district court dismissed Davis's habeas petition on non-exhaustion grounds. It appears, however, that dismissal was with prejudice. It should be a dismissal without prejudice to allow Davis to refile his claim after exhausting his state court remedies. See Rose v. Lundy, 455 U.S. 509, 519 (1982); Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 681-82 (9th Cir.1984). Accordingly, the judgment of the district court is affirmed, but the district court is directed to correct its dismissal order to indicate that the dismissal is without prejudice.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Hon. A. Wallace Tashima, United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Although Davis contends we should reach the merits of his complaint to prevent state courts from unduly delaying the presentation of constitutional issues to federal courts in other habeas appeals, he has no "personal stake" in such cases, United States Parole Comm'n v. Geraghty, 445 U.S. 388, 396 (1980), and cannot show a sufficient likelihood of future harm to satisfy the case or controversy requirement of Article III. See City of Los Angeles v. Lyons, 461 U.S. 95, 101-02 (1983)