Angel Martinez v. NHSP                    CV-99-372-B    01/28/00

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE


**Angel Martinez**


    **v.**                                     Civil No. 99-372-B
                                         Opinion No. 2000 DNH 028

**Warden, NH State Prison**



### MEMORANDUM AND ORDER


Angel Martinez was convicted of several drug-related offenses following a jury trial in state court.  He did not appeal, but later filed two habeas corpus petitions in state court.  The trial court denied both petitions.  Again, Martinez did not appeal.  Instead, he filed a habeas corpus petition in this court asserting that the state court erred in failing to provide him with a trial transcript before ruling on his habeas corpus petitions.

Martinez argues that an appeal to the State Supreme Court would be futile at this point because he has missed the deadline for filing an appeal.  Accordingly, he invokes the futility

exception to the general requirement that a habeas corpus petitioner must exhaust state court remedies before filing for habeas corpus relief in federal court. See Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam). The state concurs but argues in a motion for summary judgment that Martinez's failure to file a timely state court appeal qualifies as a procedural default pursuant to an independent and adequate state procedural rule that prevents him from litigating his claim here. I agree.

When, as in the present case, a state court criminal defendant defaults on federal constitutional claims in state court, "federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991).

Martinez asserts that his failure to pursue a timely state court appeal was caused by the transfer of an inmate who was

helping him with his habeas corpus petitions. He also suggests that he has been hindered by his illiteracy and inability to speak English. Following precedents from other jurisdictions, I conclude that Martinez's allegations do not excuse his failure to file timely state court appeals. See, e.g., Weeks v. Bowersox, 119 F.3d 1342, 1349 n.7 (8th Cir. 1997) (en banc) (holding that inmate's claim that his illiteracy and state court's failure to explain post-conviction relief procedure did not excuse procedural default), cert. denied, 522 U.S. 1093 (1998); Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 907-09 (9th Cir. 1986) (holding that inmate's claim that he was illiterate and that another inmate who was assisting him had been released before post-conviction petition needed to be appealed did not excuse procedural default).

Martinez also has failed to demonstrate that he would suffer actual prejudice if I refuse to excuse his default. In order to prove prejudice, a habeas corpus petitioner must establish a "reasonable probability" of a different result at trial. See

Strickler v. Greene, 527 U.S. 263, ___, 119 S. Ct. 1936, 1952 (1999). In further defining this requirement, the Court has recently stated: "'The question is not whether the defendant would more likely than not have received a different verdict . . . but whether . . . he received a fair trial, understood as a trial resulting in a verdict worthy of confidence.'" Id. (quoting Kyles v. Whitley, 514 U.S. 419, 434 (1995)). Martinez has failed to present any evidence that would call into question the reliability of his trial verdict. For example, he does not assert that he is innocent. Nor has he explained why a state court judge might have vacated his conviction and why a jury, on retrial, might have reached a different verdict if the constitutional errors he cites had not occurred. As a result, Martinez has not demonstrated that he would suffer actual prejudice if I decline to excuse his procedural default. For similar reasons, I reject Martinez's contention that a failure to excuse his procedural default would result in a fundamental miscarriage of justice. Accordingly, petitioner's motion for

summary judgment (doc. no. 10) is denied and defendant's motion for summary judgment (doc. no. 12) is granted.

SO ORDERED.

_____
Paul Barbadoro
Chief Judge

January 28, 2000

cc:  Angel Martinez, pro se
     Constance Stratton, Esq.