**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 30 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

HENRY L. RUDOLPH,

      Petitioner - Appellant,

vs.

HANK GALETKA,

      Respondent - Appellee.

No. 00-4099
(D.C. No. 99-CV-371)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.[**]

      Mr. Rudolph, an inmate appearing pro se, seeks to appeal the district

court's remand order, again dismissing his habeas petition without prejudice for

failure to exhaust all of his federal claims in state court. We had remanded the

case to the district court for consideration of 28 U.S.C. 2254(b)(2), which allows

a federal district court to deny, but not grant, unexhausted habeas claims, as an

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

alternative to the dismissal of a mixed petition. *See* Rudolph v. Galetka, No. 99-4207, 2000 WL 293706, at *2 (10th Cir. Mar. 21, 2000). On remand, the district court concluded that petitioner raised colorable federal claims that were unexhausted and were not easily resolvable, at least not without a review of trial and appellate court records. *See* I R. doc. 27 at 2; doc. 25 at 6.

On appeal, Mr. Rudolph urges the merits of his claims and argues that exhaustion would be futile and that obvious structural errors suggest dispensing with the exhaustion requirement. Mr. Rudolph's conclusory and somewhat inflammatory statements do not demonstrate that exhaustion should be excused. *See* Duckworth v. Serrano, 454 U.S. 1, 4 (1981). We cannot say the district court abused its discretion in requiring exhaustion, having found colorable federal claims. *See* Lambert v. Blackwell, 134 F.3d 506, 515 (3rd Cir. 1997).

In view of the remand inviting the district court to consider 28 U.S.C. § 2254(b)(2) and the same disposition on remand, we GRANT a certificate of appealability, *see* Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000); Paredes v. Atherton, No. 00-1016, 2000 WL 1289022 (10th Cir. Aug. 28, 2000), and AFFIRM the district court's dismissal without prejudice. All other pending

motions are denied.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge