May 24, 2007

The Honorable C.E. "Mike" Thomas, III
Howard County Attorney
Post Office Box 2096
Big Spring, Texas 79721-2096

Opinion No. GA-0548

Re: Authority of a local taxing unit to waive penalties and interest on taxes that became delinquent as a result of an act or omission of an officer, employee, or agent of the appraisal district (RQ-0555-GA)

Dear Mr. Thomas:

On behalf of several local taxing units you ask the following question:

> May local taxing units waive penalties and interest pursuant to Property Tax Code Section 33.011 (or any other provision of the Property Tax Code) on delinquent ad valorem taxes which became delinquent as a result of an act or omission of an agent of the appraisal district, which were paid in full (including all accrued penalties and interest) within 21 days after the taxpayer knew or should have known of the delinquency, when a written request for such waiver was received within such 21 day period, but not within the 181st day after the delinquency date?[1]

Your request relates to a specific property, which is subject to ad valorem tax by four political subdivisions. *See* Request Letter, *supra* note 1, at 1. The tax assessor for each taxing unit is required to mail tax bills to persons in whose names property is listed by October 1 or as soon thereafter as practicable. *See* TEX. TAX CODE ANN. § 31.01(a) (Vernon Supp. 2006). Subject to narrow exceptions, "taxes are due on receipt of the tax bill and are delinquent if not paid before February 1 of the year following the year in which imposed." *Id.* § 31.02(a). If a tax bill is mailed after January 10, the delinquency date will be postponed until a certain date after the date of mailing to allow for paying the taxes before they become delinquent. *See id.* § 31.04(a). But if no bill is mailed to the taxpayer because his address is unknown, the February 1 delinquency date will still apply. *See Aldine Indep. Sch. Dist. v. Ogg*, 122 S.W.3d 257, 274–75 (Tex. App.—Houston [1st Dist.] 2003, no

---

[1]Letter from Honorable C.E. "Mike" Thomas, III, Howard County Attorney, to Honorable Greg Abbott, Attorney General of Texas, at 1 (Nov. 15, 2006) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

pet.) (citing Tex. Att'y Gen. Op. No. JM-1192 (1990) at 8); *see also* TEX. TAX CODE ANN. § 31.01(g) (Vernon Supp. 2006) (failure to send or receive the tax bill required by section 31.01 "does not affect the validity of the tax, penalty, or interest, the due date, the existence of a tax lien, or any procedure instituted to collect a tax"). Tax Code section 33.01 provides for penalty and interest on delinquent taxes. *See* TEX. TAX CODE ANN. § 33.01 (Vernon 2001).

You inform us that taxes became delinquent on the property in question for the years 2003, 2004, and 2005 as a result of an act or omission by an agent of the appraisal office. *See* Request Letter, *supra* note 1, at 1. The taxpayer became aware of the delinquency on or about October 15, 2006, and paid under protest the delinquent taxes for all three years, including all accrued penalty and interest, on October 30, 2006. *See id.* at 1–2. The taxpayer included with the payment a written request for a waiver of penalties and interest. *See id.* at 2. You ask whether Tax Code section 33.011 may authorize the taxing units to waive penalties and interest. *See id.* at 1–2. This provision states in part:

> (a) The governing body of a taxing unit:
>
> (1) shall waive penalties and may provide for the waiver of interest on a delinquent tax if an act or omission of an officer, employee, or agent of the taxing unit or the appraisal district in which the taxing unit participates caused or resulted in the taxpayer's failure to pay the tax before delinquency and if the tax is paid not later than the 21st day after the date the taxpayer knows or should know of the delinquency[.]

TEX. TAX CODE ANN. § 33.011(a)(1) (Vernon Supp. 2006); *see also id.* § 33.011(b) (waiver of interest and penalties if a tax bill is returned undelivered to the governmental body, subject to additional conditions), (h) (waiver of interest and penalties if a tax payable by electronic funds transfer was delinquent because of an error in the transmission).

The section 33.011 waiver provisions are, however, subject to the following limitation:

> A request for a waiver of penalties and interest under Subsection (a)(1), (b), or (h) must be made before the 181st day after the delinquency date. . . . *To be valid, a waiver of penalties or interest under this section must be requested in writing. If a written request for a waiver is not timely made, the governing body of a taxing unit may not waive any penalties or interest under this section.*

*Id.* § 33.011(d) (emphasis added). The italicized language of section 33.011(d) was adopted by an act of the Seventy-ninth Legislature that included the following transition clause:

> Section 33.011, Tax Code, as amended by this Act, applies only to a request for a waiver of penalty or interest made on or after

> the [September 1, 2005] effective date of this Act. A request for a
> waiver made before the effective date of this Act is governed by the
> law as it existed immediately before the effective date of this Act, and
> the former law is continued in effect for that purpose.

Act of May 29, 2005, 79th Leg., R.S., ch. 1126, § 29(g), 2005 Tex. Gen. Laws 3717, 3730. *See also id.* § 15, at 3723 (amending Tax Code section 33.011(d)); *id.* § 30, at 3731 (effective September 1, 2005).

Section 33.011(d) of the Tax Code, as amended in 2005, applies to the taxpayer's written request for a waiver of penalties and interest made on October 30, 2006. *See id.* § 29(g), at 3730. You have stated that the taxpayer's written request for a waiver of penalties and interest was not made before the 181st day after the delinquency date for each of the three years in which taxes were delinquent. *See* Request Letter, *supra* note 1, at 2. The plain language of section 33.011(d) compels us to conclude that the taxing units may not waive penalties or interest on the delinquent taxes.

You ask whether any other statute or constitutional provision authorizes taxing units to waive the penalties and interest on this account. *See id.* at 1–2. Because you provide no specifics about the act or omission causing the taxpayer's failure to pay his taxes on time, we will answer your questions in general terms.

We note initially that a taxpayer is charged with knowledge of the law. *See Mexia Indep. Sch. Dist. v. City of Mexia*, 133 S.W.2d 118, 121 (Tex. 1939); *see also Texaco, Inc. v. Short*, 454 U.S. 516, 532 (1982) (property owners are especially charged with knowledge of laws relating to taxation). Moreover, a political subdivision may not waive penalties and interest imposed by statute absent statutory authority. *See* Tex. Att'y Gen. LO-93-58, at 2 (special district may not waive penalties and interest due on delinquent taxes); *see also* Tex. Att'y Gen. Op. No. JM-74 (1983) at 2 (appraisal district may not waive penalties and interest imposed upon taxing units that are delinquent in paying their share of the district's expenses). Tax Code section 41.41 entitles a property owner to protest certain actions before the appraisal review board, including "any other action of the chief appraiser, appraisal district, or appraisal review board that applies to and adversely affects the property owner," and section 41.411 authorizes a property owner to "protest before the appraisal review board the failure of the chief appraiser or the appraisal review board to provide or deliver any notice to which the property owner is entitled." Tex. Tax Code Ann. §§ 41.41(a)(9), .411(a) (Vernon 2001). A notice of the protest must be filed with the appraisal review board according to the applicable deadlines of section 41.44. *See id.* § 41.44 (Vernon Supp. 2006); *see also id.* § 41.44(c) (notice of protest authorized by section 41.411 must be filed before the date when the taxes become delinquent). Whether any remedies are available to a particular taxpayer depends on the facts of that case.

## S U M M A R Y

Tax Code section 33.011 requires a taxing unit to waive penalties and authorizes it to waive interest on a delinquent tax if the taxpayer's failure to pay the tax before delinquency resulted from an act or omission of an officer, employee, or agent of the taxing unit or the appraisal district in which the taxing unit participates and if the tax was paid not later than the 21st day after the date the taxpayer knew or should have known of the delinquency. Section 33.011 requires such a request for a waiver of penalties and interest to be made before the 181st day after the delinquency date.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee