**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ERIC ROBINSON,

                Plaintiff-Appellant,

  v.

KAIRN BORZAKIAN, individual capacity;
et al.,

                Defendants-Appellees.

No. 21-55599

D.C. No. 2:21-cv-00396-TJH-KES

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Terry J. Hatter, Jr., District Judge, Presiding

Submitted March 16, 2022[**]

Before:    SILVERMAN, MILLER, and BUMATAY, Circuit Judges.

    Eric Robinson appeals pro se from the district court's judgment dismissing

his 42 U.S.C. § 1983 action challenging his criminal conviction. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to

state a claim under 28 U.S.C. § 1915(e)(2)(B). *Watison v. Carter*, 668 F.3d 1108,

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

1112 (9th Cir. 2012). We may affirm on any basis supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

The district court properly dismissed Robinson's claims challenging his conviction as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because success on these claims would necessarily imply the invalidity of his conviction or sentence, and Robinson failed to allege facts sufficient to show that his conviction had been invalidated. *See Heck*, 512 U.S. at 486-87 (if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated").

Dismissal of Robinson's excessive force claim was proper because Robinson failed to allege facts sufficient to state a plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)); *Smith v. City of Hemet*, 394 F.3d 689, 700-04 (9th Cir. 2005) (standard for § 1983 excessive force claim).

The district court properly dismissed Robinson's claims against defendant judges and prosecutors as barred by judicial and prosecutorial immunity, respectively, and against Robinson's appointed counsel because court-appointed attorneys are not state actors under § 1983. *See Polk County v. Dodson*, 454 U.S.

312, 317-19 (1981) (a private attorney or a public defender does not act under color of state law within the meaning of § 1983); *Garmon v. County of Los Angeles*, 828 F.3d 837, 842-43 (9th Cir. 2016) (explaining the application of absolute prosecutorial immunity); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc) (explaining the application of judicial immunity).

Robinson's motion for discovery (Docket Entry No. 8) is denied.

**AFFIRMED.**

21-55599