**Derrick WHITE, Petitioner–Appellant,**

v.

**Howard PETERS, III and Roland W. Burris,\* Respondents–Appellees.**

**No. 92–1724.**

United States Court of Appeals, Seventh Circuit.

Argued Feb. 22, 1993.

Decided April 6, 1993.

As Amended on Denial of Rehearing April 28, 1993.

As Amended May 13, 1993.

---

\* During the pendency of this case, Howard Peters, III succeeded Michael Lane as Director of the Illinois Department of Corrections and Roland W. Burris succeeded Neil F. Hartigan as Illinois Attorney General. Peters and Burris have been substituted for their predecessors pursuant to Federal Rule of Appellate Procedure 43(c)(1).

David Rubman (argued), Chicago, IL, for petitioner-appellant.

Terence M. Madsen, Asst. Atty. Gen., Martha E. Gillis (argued), Crim. Appeals Div., Chicago, IL, for respondents-appellees.

Before CUMMINGS, CUDAHY and ROVNER, Circuit Judges.

CUDAHY, Circuit Judge.

Petitioner Derrick White was convicted of the 1981 murder of Edward Sanders. He is presently serving a 27–year sentence. The state trial court denied White's motions for a mistrial and a new trial. White appealed, arguing, *inter alia,* that the trial court impermissibly permitted the State of Illinois to question his former girlfriend, Joan Gilbert, for the sole purpose of introducing certain of her prior statements under the guise of impeachment. The Illinois Appellate Court, in an unpublished opinion, reversed White's conviction on this ground. Pursuant to the State's petition for rehearing, however, the appellate court reversed its decision and reinstated White's conviction. Relying upon *People v. Enoch,* 122 Ill.2d 176, 119 Ill.Dec. 265, 522 N.E.2d 1124, *cert. denied,* 488 U.S. 917, 109 S.Ct. 274, 102 L.Ed.2d 263 (1988), which held that an issue is preserved for appeal only if an

objection is made during trial *and* in a written posttrial motion, the appellate court concluded that White had waived any challenge to the admission of Gilbert's testimony because he "failed to include [it] in his written posttrial motion....." *People v. White*, 181 Ill.App.3d 798, 130 Ill.Dec. 846, 850, 537 N.E.2d 1315, 1319 (1st Dist.1989). The Illinois Supreme Court denied White's petition for leave to appeal. *People v. White*, 127 Ill.2d 638, 136 Ill.Dec. 604, 545 N.E.2d 128 (1989).

White subsequently filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Northern District of Illinois. White argued that he was denied due process of law when the State called a witness just so that it could impeach her with prior statements that would otherwise be barred by the rule against hearsay. The State contended that White had procedurally defaulted this claim and thus could not raise it in a federal habeas proceeding unless he could demonstrate cause for the default and actual prejudice resulting from it. *See Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) and its progeny. The district court concluded that White had defaulted without cause and, as a result, denied his petition. *United States ex rel. White v. Lane*, 785 F.Supp. 768 (N.D.Ill.1992). We affirm.

■ White maintains that he did not default because he preserved his objections to Gilbert's testimony by using what he maintains is a relatively common Illinois procedural device, the "general, oral post-trial motion." The record does not disclose how frequently such motions are employed or the response they typically receive in Illinois courts. To address the present matter, however, we need only note that we are, in most circumstances, bound by a state court's finding of procedural default under its own laws, and here the Illinois Appellate Court plainly held that White had waived any challenge to Gilbert's testimo-

ny. *Buelow v. Dickey*, 847 F.2d 420, 425 (7th Cir.1988), *cert. denied sub nom. Buelow v. Bablitch*, 489 U.S. 1032, 109 S.Ct. 1168, 103 L.Ed.2d 227 (1989). It is true, as White points out, that a state procedural rule that is "infrequently, unexpectedly, or freakishly" applied may not be an adequate basis for precluding federal review. *Prihoda v. McCaughtry*, 910 F.2d 1379, 1383 (7th Cir.1990). But it does not appear that the rule applied here was such an anomaly, at least according to our prior cases.

■ In essence, White maintains that the Illinois Supreme Court's holding in *Enoch* came as a complete surprise and that application of the rule announced in that case to his own involves the lack of notice and consistency which permits consideration of a claim by a federal court notwithstanding a state finding of default. But in this circuit, a "state ground that is *solidly established* will be respected even though not 'strictly' followed." *Prihoda*, 910 F.2d at 1384 (emphasis supplied). We believe that the rule requiring that all issues for appeal be preserved in a written post-trial motion is solidly established in Illinois law. The rule has had a statutory source since at least 1963, *see* Ill.Rev.Stat., ch. 38, ¶ 116–1, and the Illinois Supreme Court has repeatedly held that issues not contained in a written post-trial motion are waived on appeal even though a timely objection was interposed at trial. *See People v. Szabo*, 113 Ill.2d 83, 100 Ill.Dec. 726, 730, 497 N.E.2d 995, 999 (1986), *cert. denied*, 479 U.S. 1101, 107 S.Ct. 1330, 94 L.Ed.2d 181 (1987); *People v. Pickett*, 54 Ill.2d 280, 296 N.E.2d 856, 857 (1973). *People v. Enoch* could be considered unexpected only to the extent that it required compliance with the written motion rule in capital as well as non-capital cases. Consequently, we conclude that the procedural rule upon which the Illinois Appellate Court relied in refusing to consider White's argument is "solidly established"[1] and thus that White's default under that rule bars relief in a federal

---

1. It may well be that this rule is frequently ignored, and general oral motions accepted, pending receipt of a trial transcript (which sometimes is slow in coming). But White has not argued any persuasive, specific facts to negate the conclusion that the rule is "solidly established."

habeas proceeding absent showings of both cause and prejudice.

White has not made any serious attempt to show cause for failing to preserve all issues for appeal in a written post-trial motion. He suggests that it would have been futile to raise his objections in state court, but this is an attempt to excuse his failure to frame his argument in state court as one involving constitutional considerations, an issue we will explore *infra.* White's procedural default was his failure to comply with the relatively straightforward requirement that all appellate issues be memorialized in a written post-trial motion. All White can say in this regard is that he did not do so because he did not think he had to. If so-called general oral motions are as common and accepted as White contends, we can understand his surprise at the appellate court's decision reinstating his conviction. But federalism concerns do not permit us to consider claims that a state court has held to be defaulted pursuant to a solidly established procedural rule. Moreover, because the evidence against White was overwhelming, including White's confession that he fired a gun at the victim, it is unlikely that he would have been able to show actual prejudice flowing from the default.

■ We also note that White has failed to exhaust available state remedies with respect to his constitutional claim. The exhaustion requirement is found in the federal habeas statute itself: "An application for a writ of habeas corpus ... shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State...." 28 U.S.C. § 2254.[2] This requirement is satisfied if the petitioner has fairly presented the claim to the state court. *Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). Here, although White has presented the same set of operative facts to both the state and federal courts, he has not presented the same *claim.* We have reviewed White's brief submitted to the state appellate court and conclude that

his argument there regarding Gilbert's testimony was limited to state evidentiary grounds. Such a claim, of course, would not be cognizable under the federal habeas statute. *See* 28 U.S.C. § 2254(a) (writ may issue if petitioner "is in custody in violation of the Constitution or laws or treaties of the United States."). And although a habeas petitioner need not set forth constitutional chapter and verse to exhaust his state remedies, he must do more than simply set forth the underlying facts related to his federal constitutional claim. *Anderson v. Harless,* 459 U.S. 4, 6, 103 S.Ct. 276, 277, 74 L.Ed.2d 3 (1982) (per curiam).

White simply did nothing to alert the state court to his claim that he was entitled to relief not only because the State's questioning of Gilbert violated Illinois' law of evidence but because it also offended the Fourteenth Amendment's guarantee of due process of law. The federal cases which White did cite in his state appellate brief merely addressed similar questions under the Federal Rules of Evidence, not the federal Constitution. Indeed, White relied upon no case, federal or state, employing a constitutional analysis. Nor did White present his claim in terms so particular or so idiosyncratic to analysis under the Due Process Clause that the state court would have been able to discern that he was invoking its protection as well. *See United States ex rel. Sullivan v. Fairman,* 731 F.2d 450, 454 (7th Cir.1984). There may be substantial overlap between an evidentiary objection and a claim grounded upon the Due Process Clause, but such claims, emanating from different sources, raise materially different concerns. So different, we believe, that an argument raising only state evidentiary grounds *cannot be said to fairly present a federal constitutional claim.* Accordingly, White has not exhausted his available state remedies.

■ White argues that any failure to exhaust is excused by the futility of presenting a due process claim based on the present facts to an Illinois court. Although futility is a recognized exception to

---

**2.** The exhaustion doctrine existed long before its codification in 1948. *See Ex parte Royall,* 117

U.S. 241, 251, 6 S.Ct. 734, 740, 29 L.Ed. 868 (1886).

the exhaustion of state remedies requirement, *see Duckworth v. Serrano,* 454 U.S. 1, 3, 102 S.Ct. 18, 19, 70 L.Ed.2d 1 (1981) (per curiam), the pertinent question is not whether the state court would be inclined to rule in the petitioner's favor, but whether there is any available state procedure for determining the merits of petitioner's claim. Federal-state comity demands that a habeas petitioner first give the state courts an opportunity to pass on his federal claims, even if those courts would be expected to view such claims unfavorably. *See Engle v. Isaac,* 456 U.S. 107, 130, 102 S.Ct. 1558, 1573, 71 L.Ed.2d 783 (1982) and 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in [state] courts ... if he has the right under the law of the State to raise, by any available procedure, the question presented."). White has merely asserted that the Illinois court would have *refused to consider* his due process claim, but he has cited, and we have found, no authority for that proposition. In fact, Illinois courts will consider claims based upon plain error, even though such claims have not been properly preserved. *See Szabo,* 100 Ill. Dec. at 730, 497 N.E.2d at 999; *Pickett,* 296 N.E.2d at 858. ·Consequently, even though the state appellate court did ultimately conclude that White had waived all claims pertaining to Gilbert's testimony, we do not believe that presentation of such claims, in particular a federal constitutional claim, was futile.[3]

For the foregoing reasons, the judgment of the district court denying White's petition for a writ of habeas corpus is AFFIRMED.

---

**3.** Our conclusion that White has defaulted all of his claims is, of course, dispositive and compels affirmance. Moreover, White's failure to present his constitutional claim on direct appeal seems to be, at least presumptively, a waiver of this claim for both state and federal purposes. *See People v. Jones,* 144 Ill.2d 242, 250, 162 Ill.Dec. 15, 18, 579 N.E.2d 829, 832 (1991).