In the
United States Court of Appeals
For the Seventh Circuit

No. 99-2474

Edward Spreitzer,

Petitioner-Appellant,

v.

James M. Schomig, Warden,

Respondent-Appellee.


Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 92 C 2182--David H. Coar, Judge.


Argued May 17, 2000--Decided July 11, 2000



Before Bauer, Coffey and Kanne, Circuit Judges.

Kanne, Circuit Judge.  Edward Spreitzer is under
a sentence of death. He appeals the dismissal of
his habeas corpus petition that was remanded to
the district court following our decision in
Spreitzer v. Peters, 114 F.3d 1435 (7th Cir.
1997). First, he claims that the district court
erred in finding that a procedural default barred
certain ineffective assistance of counsel claims.
Second, he claims that the court erred by
refusing to grant him evidentiary hearings to
determine whether he was denied the effective
assistance of counsel when his attorney failed to
develop mitigating evidence of brain damage or
investigate his good prison conduct. Finding that
Spreitzer has procedurally defaulted his claims,
we affirm.

I.  History

On March 4, 1986, in an Illinois state court,
Spreitzer was found guilty of the aggravated
kidnapping and murder of Linda Sutton. He
previously had pleaded guilty to the murders of
four other individuals and admitted involvement
in four more murders. The very gruesome facts
that underlie these offenses, which include a
string of kidnappings, tortures, rapes and
murders, are recounted thoroughly in the Illinois
Supreme Court's opinion on Spreitzer's direct

appeal. See People v. Spreitzer, 525 N.E.2d 30, 32-33 (Ill. 1988) ("Spreitzer I"). On the basis of his offenses, the State of Illinois requested that Spreitzer receive the death penalty.

Spreitzer received a sentencing hearing before a jury to determine if he was eligible to receive the death penalty. At the hearing, the jury heard testimony from Dr. Kent Mohr, a court-appointed clinical psychologist, that Spreitzer had an IQ of 76, had a "schizoid personality," related to people in an inferior way and responded to his environment in an impulsive way. Mohr had previously met with Spreitzer and performed diagnostic tests, including a Bender Visual Gestalt test, but Mohr did not have Spreitzer submit to a complete neurological examination, which would have included an MRI and blood tests. Spreitzer testified on his own behalf that he knew his actions were wrong, that he would have reported them eventually and that he felt at peace in prison. The jury also heard evidence of the nature of Spreitzer's conduct and of his age and previous guilty pleas. The jury found Spreitzer eligible to receive the death penalty, and the circuit court imposed a sentence of sixty years for kidnapping Sutton and a death sentence for her murder.

Spreitzer timely filed a direct appeal of his conviction, in which he alleged a conflict of interest in the public defender's office as well as a number of issues related to sentencing. However, at this time, Spreitzer did not argue that his sentencing counsel was ineffective. Spreitzer argued that he was deprived of a fair sentencing hearing by improper cross-examination made by the prosecutor. He claimed that the prosecutor cross-examined him about "devil-worshipping" in violation of a stipulation against so doing, improperly mentioned the victims' families, attempted to elicit sympathy for the victims, appealed to the fears of jurors, argued that Spreitzer was racially prejudiced, attempted to dehumanize him, speculated about his and co-defendant Robin Gecht's character and personality traits and misstated the applicable burden of proof. See Spreitzer I, 525 N.E.2d at 43. The Illinois Supreme Court dismissed these claims on a finding that these errors were individually and cumulatively harmless and that the issue of "devil worship" had been waived because the defendant did not object to it at the sentencing hearing, see id. at 44, but reduced Spreitzer's kidnapping sentence from sixty years to the statutory maximum thirty years. See id. at 50. Following the dismissal of his direct appeal, the United States Supreme Court denied Spreitzer's petition for certiorari. See Spreitzer v. Illinois, 488 U.S. 917 (1988).

Spreitzer then filed a six-count pro se petition for post-conviction relief with the state trial court, claiming inter alia that he was deprived of the right to effective counsel at sentencing. The court appointed counsel to represent Spreitzer, and Spreitzer's appointed counsel presented each of Spreitzer's claims at a hearing held on his petition, but did not attach affidavits to the petition alleging additional evidence that would show ineffective assistance of sentencing counsel. The trial court denied Spreitzer's petition. The court did not hold an evidentiary hearing on the issue whether the ineffective assistance of sentencing counsel claims had been waived by not being raised on direct appeal. Spreitzer appealed this denial to the Illinois Supreme Court, raising three claims, including (1) that he had not been provided with effective counsel for the post-conviction relief hearing because his appointed counsel failed to append evidence of sentencing counsel's ineffective investigation, (2) that he had been deprived of effective counsel during his pretrial motion to quash his arrest and (3) that the sentencing court should have permitted the jury to hear Spreitzer's counsel present an alternative sentence of life imprisonment without parole. See People v. Spreitzer, 572 N.E.2d 931 (Ill. 1991) ("Spreitzer II"). Spreitzer did not reiterate the claim made before the state trial court that his sentencing counsel was ineffective, but he did argue in his reply brief that the court had incorrectly applied the waiver doctrine to these claims.

The Illinois Supreme Court held that the issues raised under the rubric of ineffective assistance of counsel were not raised on direct appeal, which meant that waiver or res judicata applied. For this reason, the merits of Spreitzer's claims on appeal were irrelevant; the only claim Spreitzer could raise about effectiveness was whether his counsel should have researched issues concerning waiver or res judicata. Because Spreitzer did not argue that waiver would not bar these claims, the Illinois Supreme Court found no prejudice in the counsel's failure to do so and denied these claims. See id. at 936. The court also found that the sentencing court need not have instructed the jury about an alternative sentence of life imprisonment without the possibility of parole. See id. at 937. On these bases, the Supreme Court denied Spreitzer's petition. See id. at 937. The United States Supreme Court again denied Spreitzer's petition for certiorari. See Spreitzer v. Illinois, 502 U.S. 985 (1991).

Spreitzer then filed a petition for habeas

corpus relief in federal court under 28 U.S.C. sec. 2254. In his petition, Spreitzer raised six issues, including allegations he previously made of prosecutorial misconduct, the sentencing court's wrongful failure to instruct on an alternative sentence, a conflict of interest in his representation, ineffective assistance of pre-trial counsel on a motion to quash and of sentencing counsel (but not of post-conviction counsel) and the unconstitutionality of the death penalty. The district court denied all Spreitzer's claims unrelated to sentencing, but held that the state trial court should have given Spreitzer's proposed instruction on the alternative sentence and granted Spreitzer's petition to allow re-sentencing. Because it vacated Spreitzer's sentence, the district court declined to rule on sentencing issues unrelated to the instruction issue. On appeal, we reversed the district court on the instruction issue, finding that the state trial court was not required to allow the jury to hear about alternative sentences, but affirmed the district court's denial of Spreitzer's other claims. We remanded the habeas petition to resolve Spreitzer's sentencing claims that the district court left undecided. See Spreitzer v. Peters, 114 F.3d 1435, 1447 (7th Cir. 1997). In addition, we found that Spreitzer's death sentence should be reinstated.

On remand, the district court confronted two issues: prosecutorial misconduct at sentencing and ineffective assistance of sentencing counsel. The district court found that the former claim had been correctly resolved by the Illinois Supreme Court on direct appeal and that Spreitzer had waived his ineffective assistance of sentencing counsel claims. The court found waiver because the Illinois Supreme Court had found that the inadequate assistance claims should have been made on direct appeal, which constituted an independent and adequate ground sufficient to justify dismissal. Nonetheless, the district court considered both of these claims on their merits. The court found that Spreitzer's claims of ineffective assistance of counsel were meritless because in each case Spreitzer had failed to make an adequate showing of prejudice. The court refused to grant Spreitzer an evidentiary hearing to determine whether the evidence that he presented established a deficiency in his prior representation. Therefore, the district court denied both remaining claims and dismissed his habeas corpus petition.

Spreitzer now claims that the district court erred in finding his ineffective assistance of counsel claims waived. Spreitzer does not appeal

the district court's denial of his prosecutorial misconduct claim. Spreitzer contends that the district court erred by refusing to grant him an evidentiary hearing on his ineffective assistance claims because its finding of no prejudice was speculative without the benefit of an evidentiary hearing.

## II. Analysis

We review de novo Spreitzer's allegations of constitutional error in the context of a habeas petition. See Crivens v. Roth, 172 F.3d 991, 995 (7th Cir. 1999). Because Spreitzer filed his petition prior to the passage of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") Pub. L. No. 104-132, 110 Stat. 1214 (1996), we consider his arguments under pre-AEDPA law. See Lieberman v. Washington, 128 F.3d 1085, 1091 (7th Cir. 1997). We apply a presumption of correctness to state court determinations of factual issues. See Porter v. Gramley, 112 F.3d 1308, 1316 (7th Cir. 1997).

## A. Waiver

Prior to reaching the merits of any constitutional claim raised in his habeas corpus petition, we review the district court's determination that Spreitzer defaulted his claims. A federal court must ensure that the habeas corpus petitioner has overcome two procedural hurdles, exhaustion and procedural default, before reaching the merits of his claim. See Henderson v. Thieret, 859 F.2d 492, 496 (7th Cir. 1988). "Failure to raise all claims during the course of the state court proceedings bars consideration of those claims not raised." Jones v. Washington, 15 F.3d 671, 674 (7th Cir. 1994), overruled on other grounds by Hogan v. McBride, 74 F.3d 144, 147 (7th Cir. 1996). Likewise, before bringing his claims in a federal habeas proceeding, a prisoner must first raise his claims during the course of the state proceedings in order to avoid procedural default. Henderson, 859 F.2d at 496. The district court dismissed Spreitzer's claims on the ground that Spreitzer had defaulted procedurally by failing to raise these claims prior to his state post-conviction petition. On appeal, the state also argues that these claims were waived because Spreitzer failed to exhaust his available state court remedies on these claims. Because we agree with the state that Spreitzer's claims are barred by his failure to exhaust available state court remedies, we do not rule on whether the district court correctly found that his federal claims were barred on adequate and independent state grounds.

## 1. Exhaustion

The state presents an alternative ground for the dismissal of Spreitzer's ineffective assistance claims, arguing that federal courts should not review Spreitzer's petition because he failed to exhaust all available state court remedies. Spreitzer raised his remaining claims of the ineffectiveness of sentencing counsel at the post-conviction proceeding, but changed tactics on appeal to the Illinois Supreme Court, contending that his post-conviction counsel, rather than his sentencing counsel, failed to provide effective representation. For this reason, the state contends that the Illinois Supreme Court was never presented with the issue of the ineffectiveness of sentencing counsel.

Federal law requires that state prisoners give state courts a fair opportunity to act on their claims before bringing habeas claims in federal court. See 28 U.S.C. sec. 2254(c); see also O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1998); Kurzawa v. Jordan, 146 F.3d 435, 440 (7th Cir. 1998). The requirement that state courts have the first opportunity to cure a claim of continued confinement in an unconstitutional fashion stems from the understanding that state courts are equally obliged to follow federal law and from the desire for comity between state and federal court systems. See O'Sullivan, 526 U.S. at 844-45; Coleman v. Thompson, 501 U.S. 722, 731 (1991). A "fair presentment" of a petitioner's claims requires that a petitioner give state courts "a meaningful opportunity to pass upon the substance of the claims [petitioner] later presses in federal court." Howard v. O'Sullivan, 185 F.3d 721, 725 (7th Cir. 1999).

In Howard, we faced a very similar claim to Spreitzer's. Howard, 185 F.3d at 725. The petitioner initially claimed ineffective assistance of sentencing counsel in his post-conviction petition before the state trial court. Following the dismissal of this petition for insufficient evidence, the petitioner changed tactics and argued only the ineffective assistance of post-conviction counsel to the state appellate courts, without pursuing the ineffective assistance of sentencing counsel claims. The state appellate courts affirmed denial of the post-conviction relief, so he filed a federal habeas petition, which was denied by the district court. We affirmed the dismissal of the petitioner's federal habeas claim, holding that we were barred from reviewing the petitioner's claim because "by changing the basis of his argument between the trial court and the appellate court, [the petitioner] did not fairly present the question of ineffective assistance of trial counsel to the Illinois Appellate Court. Accordingly, he has procedurally defaulted that

claim." Id.; see also Momient-El v. DeTella, 118 F.3d 535, 540-41 (7th Cir. 1997) (finding that failure to appeal issues raised in an Illinois post-conviction proceeding results in procedural default).

Spreitzer's post-conviction appellate counsel made the same error as in Howard. His post-conviction counsel argued that Spreitzer's sentencing counsel failed to represent him effectively by insufficiently developing evidence of organic brain defects or of Spreitzer's good conduct while incarcerated. However, on appeal to the Illinois Supreme Court, Spreitzer's appellate counsel jettisoned these arguments, choosing instead to argue that the ineffectiveness of Spreitzer's post-conviction counsel required the Illinois Supreme Court remand Spreitzer's case to the trial court to appoint new post-conviction counsel. The court denied this claim because Spreitzer failed to present evidence that his post-conviction counsel had actually been ineffective or that this ineffective representation had prejudiced him. See Spreitzer II, 572 N.E.2d at 936.

Spreitzer did not present the complaints that he raised in his federal habeas corpus petition to the Illinois Supreme Court. He did not brief this issue to the Illinois Supreme Court, nor did the Supreme Court address sua sponte whether he was denied effective representation at sentencing by his counsel's failure to investigate fully matters relating to organic brain defects or his prison conduct. Thus, the Illinois Supreme Court never had a fair opportunity to rule on these claims, and we are barred from considering them here unless Spreitzer establishes that his case meets one of the exceptions to procedural default that we set forth below.

2. Fair Presentment

Spreitzer argues that his claims should not be barred for failure to exhaust his administrative remedies. He contends that the Illinois Supreme Court was fairly presented with the question of the competence of sentencing counsel because he raised this issue in his petition for post-conviction relief, and he believes that the Illinois Supreme Court reviewed the decision of the post-conviction trial court in its dismissal of the claim by finding that the trial court's dismissal was based on waiver and res judicata. According to Spreitzer, both parties briefed the question whether the district court ruled correctly on the remaining claims at the post-conviction proceedings, and the Illinois Supreme Court's affirmance of the post-conviction court's dismissal thus constitutes a fair presentment of

these claims.

Spreitzer's argument misstates the procedural posture under which the Illinois Supreme Court analyzed the post-conviction court's holding. In his opening brief to the Supreme Court, Spreitzer argued that his post-conviction counsel failed to provide effective representation because he did not attach appendices containing new evidence to Spreitzer's post-conviction petition and asked that the Supreme Court remand the claim to post-conviction court for appointment of new counsel. The state responded that this failure could not constitute prejudice because the post-conviction court based its holdings on these issues on waiver or res judicata, rather than on a failure to append additional evidence, and for this reason, it was unnecessary to remand to appoint new counsel. Spreitzer answered in his reply brief that the post-conviction court's findings of waiver and res judicata were improper because Spreitzer's post-conviction claims were based on evidence not within that court's record. The Illinois Supreme Court, in reviewing Spreitzer's ineffective assistance of counsel claim, first noted that "[t]he record in this case shows that [Spreitzer's] post-conviction counsel consulted with him, examined the record and conducted an investigation," meeting all the Illinois requirements for effective post-conviction counsel. Spreitzer II, 572 N.E.2d at 936. The court also noted that post-conviction counsel argued all the counts raised in Spreitzer's pro se complaint, but because "[t]he reasons for the trial court's dismissal . . . were res judicata and waiver . . . [a]n additional investigation, or addition of supporting documents to the record, would have been irrelevant to the issue of whether or not the allegations in the petition were res judicata or waived." Id. For this reason, the Illinois Supreme Court found that Spreitzer had failed to prove that his post-conviction counsel's actions had prejudiced him. See id.

Contrary to Spreitzer's contentions, the Illinois Supreme Court was not presented with the issue of sentencing counsel's effectiveness during the course of this interchange. The issue briefed to the court by the parties was the effectiveness of post-conviction counsel, not sentencing counsel. The court held that post-conviction counsel was effective and, alternatively, that Spreitzer had not shown prejudice caused by his representation. In its finding that no prejudice had been shown, the Supreme Court noted that the hearing court based its dismissal on waiver and res judicata. However, the Supreme Court did not review the hearing court's decision because the substance of

its decision, whether Spreitzer should have raised claims of ineffective sentencing counsel sooner, was irrelevant to the question of prejudice caused by post-conviction counsel. Moreover, the Illinois Supreme Court did not reach the question whether the post-conviction court correctly applied the waiver doctrine.

The only presentment of the question of sentencing counsel's effectiveness came in Spreitzer's reply brief as a part of his argument that the post-conviction court erred in applying the waiver doctrine, which in turn was argued in the context of Spreitzer's contention that post-conviction counsel was ineffective. Illinois Supreme Court Rule 341(e)(7) deems arguments presented for the first time in a reply brief waived, see People v. Brown, 660 N.E.2d 964, 970 (Ill. 1995). Although Supreme Court Rule 341(g) allows appellants to respond in their reply brief to any question raised in appellee's answer, see Oliveira v. Amoco Oil Co., 726 N.E.2d 51, 56 (Ill. 2000), the state never raised the question of the merits of the post-conviction court's decision in its briefing. The state merely noted that the court's grounds for ruling did not allow a finding of prejudice. For this reason, the Illinois Supreme Court was never directly presented with the question whether Spreitzer's original sentencing counsel provided effective representation, or even whether the post-conviction court erred in dismissing these claims on res judicata or waiver grounds. As such, the tortured process that Spreitzer suggests the Illinois Supreme Court should have undergone to reach these claims does not constitute a fair presentment of them to the Illinois Supreme Court.

3. Futility

Spreitzer also argues that he was not required to claim ineffective assistance of sentencing counsel before the Illinois Supreme Court because any such action would have been futile. Spreitzer claims that because his post-conviction counsel failed to append affidavits to his post-conviction petition, the Illinois Supreme Court would have dismissed this claim as insufficiently substantiated. For this reason, he argues that he had no likelihood of success on his claim and need not have brought it to the Illinois Supreme Court.

Illinois courts routinely dismiss claims for post-conviction relief that lack support in the record or supporting affidavits for the proposition that the petitioner's constitutional rights have been violated. See People v. Erickson, 700 N.E.2d 1027, 1034 (Ill. 1998); see

also People v. Turner, 719 N.E.2d 725, 730 (Ill. 1999). The Supreme Court has provided an exception to the exhaustion doctrine in those instances where "the corrective process is so clearly deficient as to render futile any claim to obtain relief." Duckworth v. Serrano, 454 U.S. 1, 3 (1981). However, we have interpreted the phrase "corrective process" to refer only to the post-conviction appellate procedure provided by a state. See, e.g., United States ex rel. Johnson v. McGinnis, 734 F.2d 1193, 1197 (7th Cir. 1984) (analyzing the Illinois state mandamus procedure to determine whether its deficiencies allow futility claim). Therefore, "the pertinent question is not whether the state court would be inclined to rule in the petitioner's favor, but whether there is any available state procedure for determining the merits of petitioner's claim." White v. Peters, 990 F.2d 338, 342 (7th Cir. 1993).

Because Spreitzer's post-conviction counsel failed to append additional affidavits to the record, the Illinois Supreme Court probably would have dismissed Spreitzer's claim as unsubstantiated without reaching the merits. Nonetheless, Spreitzer does not contest that Illinois maintained a process to present such claims. As such, he presents no colorable argument that it would have been futile to present this argument before the Illinois Supreme Court. We do not believe that such action would have been futile in the sense required by Duckworth, and we reject Spreitzer's contention that he need not have presented these claims on the basis of this purported futility.

4.  Exceptions to Procedural Default

Although we have found Spreitzer to have defaulted his habeas claims, we may excuse his default and review his claims under two circumstances. Either Spreitzer must show cause and prejudice for his failure to exhaust his state claims, or he must show that a failure to review these claims results in a fundamental miscarriage of justice. See Howard, 185 F.3d at 726; Steward v. Gilmore, 80 F.3d 1205, 1211 (7th Cir. 1996); see generally Barksdale v. Lane, 957 F.2d 379, 385 (7th Cir. 1992) (requiring "some external objective factor, such as interference by officials or unavailability of the factual or legal basis for a claim" to show cause). Spreitzer has failed to present any evidence of any external cause that prevented him from raising his ineffective assistance claims before the Illinois Supreme Court, nor has he made an attempt to show actual innocence, as opposed to legal innocence, as required to support the finding of a fundamental miscarriage of justice.

See Sawyer v. Whitley, 505 U.S. 333, 339 (1992).
Therefore, we find no reason to excuse Spreitzer
from the requirement that he first exhaust his
available state remedies. We are barred from
reviewing the claims in Spreitzer's habeas corpus
petition, and we will affirm the district court's
dismissal of the petition.

B.   Denial of Evidentiary Hearings

     Finally, Spreitzer contends that the district
court erred in denying him the opportunity to
conduct an evidentiary hearing on his ineffective
assistance of sentencing counsel claims. The
district court did not express the reasons for
his denial, but in reaching the merits of
Spreitzer's claim, the court noted that Spreitzer
would be unable to demonstrate prejudice caused
by the truth of either claim in the face of
overwhelming evidence against him. Spreitzer
appeals these denials, claiming that under
Strickland v. Washington, 466 U.S. 668, 689-90
(1984), he was entitled to a determination of
both ineffective assistance and prejudice before
denying his motion for an evidentiary hearing.

     "[A] federal evidentiary hearing is required if
a habeas petitioner alleges facts which, if
proved, would entitle him to relief and the state
courts--for reasons beyond the control of the
petitioner--never considered the claim in a full
and fair hearing." Porter, 112  F.3d at 1317; see
also Townsend v. Sain, 372 U.S. 293, 312-13
(1963). Under pre-AEDPA law,/1 if a petitioner
has failed to adequately develop material facts
in previous state court proceedings, we again
apply the "cause and prejudice" standard to
determine whether an evidentiary hearing is
warranted. See Resnover v. Pearson, 965 F.2d
1453, 1456-57 (7th Cir. 1992); see also Keeney v.
Tamayo-Reyes, 504 U.S. 1, 8 (1992). To receive a
federal evidentiary hearing, a petitioner must
show both good cause for failing to submit the
required affidavits in state court and that he
has suffered actual prejudice. See Wright v.
Gramley, 125 F.3d 1038, 1043-44 (7th Cir. 1997);
Lemons v. O'Sullivan, 54 F.3d 357, 360 (7th Cir.
1995).
     The district court dismissed Spreitzer's habeas
petition for an evidentiary hearing without
comment on Spreitzer's request for an evidentiary
hearing. However, in its memorandum order of
dismissal, the court reached the merits of
Spreitzer's claims. The court found that
Spreitzer had not shown actual prejudice caused
by the claimed errors in the face of the
overwhelming evidence presented to the jury in
favor of Spreitzer's eligibility for execution.
Spreitzer claims that this finding of no
prejudice is mere speculation without the benefit

of an evidentiary hearing to determine whether prejudice existed. However, this argument reverses the burden of proof required by a petitioner to receive an evidentiary hearing. To receive a hearing, Spreitzer was required to append affidavits alleging evidence of actual prejudice to the district court. Spreitzer did not append affidavits alleging sufficient evidence of prejudice, so the court found that Spreitzer failed to make his requisite showing.

Spreitzer presented evidence which suggests that his sentencing counsel did not pursue adequately evidence of organic brain defects and Spreitzer's good conduct while incarcerated. He claims that this evidence should have been presented to the jury at his sentencing. However, at Spreitzer's sentencing, counsel presented Dr. Mohr to provide evidence of Spreitzer's psychological state, and Spreitzer testified on his own behalf about his conduct in prison. In the face of the overwhelming evidence demonstrating the grisly nature of his crimes, the jury favored the evidence provided by the state over that provided by Spreitzer. Spreitzer has presented no novel evidence that would tend to upset this balance, so we agree with the district court that Spreitzer has not demonstrated that the state court's failure to hold an evidentiary hearing caused him actual prejudice. We affirm the district court's denial of Spreitzer's request for an evidentiary hearing.

III.  Conclusion

Because Spreitzer failed to present his post-conviction claims properly to the Illinois Supreme Court, we are barred from reviewing these claims. Because he has defaulted all his claims and failed to show cause for this default or prejudice arising from it, we Affirm the decisions of the district court and Dismiss Spreitzer's petition.

/1 AEDPA sec. 104 codified the "cause and prejudice" test applied in Keeney v. Tamayo-Reyes, 504 U.S. 1, 8 (1992), adding 28 U.S.C. sec. 2254(e)(2), which dramatically restricts the ability of district courts to hold an evidentiary hearing. See Williams v. Taylor, ___ U.S. ___, 120 S.Ct. 1479, 1488-89 (2000). However, in Spreitzer v. Peters, 114 F.3d at 1456, we applied pre-AEDPA law to determine whether other of Spreitzer's claims merited an evidentiary hearing, and we continue to believe it unnecessary to apply sec. 2254(e)(2) retroactively to Spreitzer's petition.