**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 10, 2010[*]
Decided March 11, 2010

**Before**

WILLIAM J. BAUER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 09-2618 | Appeal from the United States District Court for the |
| CORNELL MORGAN , | Northern District of Illinois, |
| *Petitioner-Appellant*, | Eastern Division. |
| *v.* | No. 08-CV-16 |
| NEDRA CHANDLER, Warden, | Blanche M. Manning, |
| *Respondent-Appellee*. | *Judge*. |

**O R D E R**

Cornell Morgan was convicted by an Illinois jury of attempted first degree murder, 720 ILL. COMP. STAT. § 5/9-1, and aggravated battery with a firearm, 720 ILL. COMP. STAT. § 5/12-3, and sentenced to 22 years' imprisonment. After exhausting his state-court remedies, Morgan petitioned for a writ of habeas corpus, *see* 28 U.S.C. § 2254, claiming that

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(c).

the state trial court violated his right to due process by failing to conduct a competency hearing and, relatedly, that his trial counsel was ineffective for failing to investigate whether he was fit to stand trial. The district court denied the writ but certified both issues for appeal. We affirm.

We begin with the facts as presented to the state appellate court. *See Gonzales v. Mize*, 565 F.3d 373, 379 (7th Cir. 2009) (factual determinations made by a state court are presumed correct unless later rebutted by clear and convincing evidence). At a hearing before jury selection on Morgan's competency to stand trial, the government and the defense stipulated to the findings of a psychiatric evaluation prepared by Dr. Roni Seltzberg. Dr. Seltzberg had examined Morgan six months earlier and found him fit to stand trial. Dr. Seltzberg reported that although Morgan had benefitted from certain psychotropic drugs, he likely would be competent to proceed without the medication. According to the evaluation, Morgan understood the charges against him, and the drugs did not seem to cloud his ability to think. Corroborating the evaluation were the statements of Morgan's trial counsel, who noted that Morgan had assisted him "very well" during the pretrial stages and concluded that he "absolutely" had the capacity to continue to participate as the trial progressed.

After he was convicted, Morgan moved for a new trial, arguing that the state trial court relied too heavily on the psychiatric evaluation, which he claimed failed to reflect deterioration in his mental condition during the subsequent six months. For support he submitted two grievances he had filed during that period in which he complained that he was depressed, that he could not sleep, that his medication was not working, and that he was having thoughts about killing himself and others. He noted in his motion that on the evening of his competency hearing, he had been admitted to the jail's hospital and had his medication adjusted. The trial court denied the motion.

On direct appeal the state appellate court affirmed Morgan's conviction. The court was not persuaded that Morgan's grievances and the adjusted dosage in his medication undermined the findings of Dr. Seltzberg. Even if they had, the court reasoned, the trial court had supplied additional support for its fitness finding, including the assurance from defense counsel that Morgan was prepared to assist in his defense, and the court's own observations that Morgan appeared to be cooperative with his attorney, responsive to questions, and actively involved at each stage of the proceeding. The Supreme Court of Illinois declined review.

Morgan then filed this petition for a writ of habeas corpus, arguing (1) that he was denied a formal fitness hearing in violation of his due-process rights; and (2) that his trial counsel was ineffective because he stipulated to the findings of a stale evaluation and failed to investigate whether Morgan was competent to stand trial. The district court denied the

petition.  The court rejected the due-process claim because it found no unreasonable or inconsistent application of federal law.  The court found the ineffective-assistance claim procedurally defaulted because Morgan failed to raise it in his petition to the Supreme Court of Illinois.

This action is governed by the Antiterrorism and Effective Death Penalty Act. 28 U.S.C. § 2254(d).  Morgan seeks relief from a state conviction that was reviewed on the merits by a state court, and we will grant the petition only if the state appellate court's decision was contrary to clearly established Supreme Court precedent, called for an unreasonable application of such precedent, or was based on an unreasonable determination of the facts in light of the evidence presented to the trial court.  *See id.*; *Lucas v. Montgomery*, 583 F.3d 1028, 1030 (7th Cir. 2009).

We turn first to Morgan's due-process claim.  We understand Morgan to argue that the state appellate court violated his right to a reasonable opportunity to show that he was not competent to stand trial.  He reasserts that the trial court conducted a cursory hearing and improperly relied on the stipulated findings of Dr. Seltzberg; a deeper inquiry, he insists, would have disclosed that his mental health had declined, and that on the first day of trial he was without sleep and unaccustomed to changes in his medication.

A defendant is fit to stand trial if he understands the proceedings against him and is capable of consulting with his lawyer in preparing his defense.  *Godinez v. Moran*, 509 U.S. 389, 396 (1993) (citing *Drope v. Missouri*, 420 U.S. 162, 171 (1975)).  Illinois codified this standard in 725 ILL. COMP. STAT. § 5/104-11, which provides that once a defendant presents a "bona fide doubt" about his fitness, the burden shifts to the State to prove fitness by a preponderance of the evidence.  The Supreme Court has ruled that the Illinois standard adequately protects the due-process rights of criminal defendants.  *See Pate v. Robinson*, 383 U.S. 375, 385 (1966).

Applying the bona fide doubt standard, the state appellate court concluded that the trial court had no substantial reason to doubt Morgan's ability—both before and during trial—to understand the proceedings and consult with his attorney in preparing his defense. The court relied primarily on three sources: Dr. Seltzberg's evaluation concluding that Morgan was competent to proceed with or without medication; statements from Morgan's trial counsel suggesting that Morgan had assisted, and could continue to assist, in the preparation of his defense; and the trial court's observation that Morgan did just that—he regularly consulted with his lawyer during trial and remained actively engaged at each stage of the proceeding.  The court was unpersuaded by Morgan's argument that the psychiatric evaluation failed to reflect deterioration in his mental condition, and reasonably so: the evaluation formed only part of the basis for the pretrial finding.  The trial court also relied on unequivocal representations from defense counsel suggesting that Morgan was

competent to proceed.  In any event, neither the evidence of his mental disturbances nor the change in his dosage was sufficient, by itself, to raise a bona fide doubt about his fitness. *See People v. Eddmonds*, 578 N.E.2d 952, 960 (Ill. 1991) (that petitioner suffered from a mental disturbance did not create a presumption that he was unfit); *see also Rever v. Acevedo*, 590 F.3d 533, 538 (7th Cir. 2010) (adjustment in petitioner's medication was not sufficient to call his competency into question); *People v. Steppan*, 751 N.E.2d 32, 39 (Ill. App. Ct. 2001).

Having resolved Morgan's due-process claim, we can quickly dispose of the ancillary argument that his lawyer was ineffective for failing to further investigate his fitness for trial.  As the state appellate court properly concluded, if Morgan did not raise a bona fide doubt about his fitness,  he could not show a reasonable probability that further investigation would have changed the outcome of the proceeding.  *See Sturgeon v. Chandler*, 552 F.3d 604, 612 (7th Cir. 2009).  That aside, we agree with the district court's conclusion that Morgan procedurally defaulted this claim when he failed to raise it before the state supreme court.  To avoid default, a habeas petitioner must present the federal issue at each tier of state-court review.  *See* 28 U.S.C. § 2254(b)(1)(A); *Stevens v. McBride*, 489 F.3d 883, 893-94 (7th Cir. 2007).  Morgan attributes his failure to do so to his mental condition.  But to show good cause for the default, Morgan would have to identify a factor *external* to his defense that precluded him from raising the claim in his petition to the Supreme Court of Illinois. *Harris v. McAdory*, 334 F.3d 665, 668 (7th Cir. 2003); *Spreitzer v. Schomig*, 219 F.3d 639, 647-48 (7th Cir. 2000).  Mental illness is not such a factor. *Harris*, 334 F.3d at 668-69.

AFFIRMED.