**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued May 24, 2017
Decided June 26, 2017

**Before**

RICHARD A. POSNER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

Nos. 16-2107 & 17-1289

<table>
<tr><td>WALTER J. BRZOWSKI,<br><em>Petitioner-Appellant,</em><br><br>v.<br><br>MICHAEL MELVIN,<br><em>Respondent-Appellee.</em></td><td>Appeals from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 14-cv-04014 — Jorge L. Alonso, <em>Judge.</em><br>No. 16-cv-09961— Milton I. Shadur, <em>Judge.</em></td></tr>
</table>

**O R D E R**

In this appeal, Walter Brzowski argues that the State of Illinois violated his Fourteenth Amendment rights by revoking his supervised release without grounds and by keeping him imprisoned beyond his prison and supervised-release terms. He requests that we reverse the district court's denial of his habeas petition and grant him immediate release.

We decline to do so because Brzowski has not yet exhausted his state-court remedies. *See* 28 U.S.C. § 2254(b)(1)(A) (federal habeas relief "shall not be granted" unless the

petitioner has exhausted the remedies available in state court). "Federal law requires that state prisoners give state courts a fair opportunity to act on their claims before bringing habeas claims in federal court." *Spreitzer v. Schomig*, 219 F.3d 639, 644–45 (7th Cir. 2000). "The requirement that state courts have the first opportunity to cure a claim of continued confinement in an unconstitutional fashion stems from the understanding that state courts are equally obliged to follow federal law and from the desire for comity between state and federal court systems." *Id*. at 645.

Here, Brzowski is in the process of exhausting his state-court remedies. And he has thus far been successful. Although the state circuit court denied Brzowski's habeas petition, *Brzowski v. Spiller*, No. 14 MR 2630 (Ill. Cir. Ct. Will Cty. Mar. 2, 2016), on June 8, 2017, the Illinois Appellate Court accepted Brzowski's arguments and reversed, holding that Brzowski "has served his time," and thus, "he is entitled to immediate release from [Illinois Department of Corrections] custody." *Brzowski v. Pierce*, 2017 IL App (3d) 160228-U, ¶ 20. The Illinois Appellate Court noted that the record was silent as to whether Brzowski was properly incarcerated for any other charges or convictions, so it remanded the case for further proceedings, directing that, "[u]nless the trial court determines that [Brzowski] should remain in custody for such *other* reason, he should be released immediately." *Id*.

Despite the Illinois Appellate Court's decision granting Brzowski's habeas petition, Brzowski contends that this appeal is not moot. Even though the State has promised not to appeal the appellate court's decision, the mandate has not issued in that case, and will not do so until at least July 13, 2017. *See* Ill. S. Ct. R. 368(a) (appellate court mandate issues not earlier than 35 days after opinion, "unless the court orders otherwise"). After the appellate court mandate issues, Brzowski will remain in custody awaiting the circuit court hearing to determine whether he is in custody on other unrelated charges or convictions.

We agree with Brzowski that, because the mandate has not yet issued, the relief afforded him remains prospective, and at this point, this appeal is not moot. Nevertheless, the state-court process appears to be proceeding apace, and Brzowski should be released from custody soon—barring some other reason for his incarceration, which is not before us in this appeal.

Accordingly, we will defer to the principles of comity and federalism and allow the state-court process to run its course. Because Brzowski has not yet exhausted his state-court remedies, we AFFIRM the district court's judgment.