**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 30 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

THOMAS J. JACOBS,

   Petitioner - Appellant,

v.

CARL CUSHINBERRY, Kansas
Parole Board Member; KANSAS
PAROLE BOARD,

   Defendants - Appellees.

No. 02-3026
(D.C. No. 01-CV-3451-GTV)
(D. Kansas)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, Chief Judge, **EBEL**, and **LUCERO**, Circuit Judges.

Pro se petitioner Thomas J. Jacobs, a Kansas state prisoner, seeks a certificate of appealability ("COA") pursuant to 28 U.S.C. § 2253(c) to challenge the district court's dismissal of his petition for a writ of habeas corpus based on his failure to exhaust available state remedies. We deny the application for a COA and dismiss this matter.

---

[*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The Court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Although Jacobs's complaint was denominated "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983," the district court construed it as an application for a writ of habeas corpus. Jacobs's complaint seeks his immediate release and alleges that on October 23, 2001, the Kansas Parole Board used illegally obtained evidence to revoke his parole. Thus, his complaint should have been brought as an application for a writ of habeas corpus under 28 U.S.C. § 2241 because it is an attack on the execution of his sentence. See Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000); McIntosh v. United States Parole Comm'n, 115 F.3d 809, 812 (10th Cir. 1997) ( "A habeas corpus proceeding attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement. In contrast, a civil rights action . . . attacks the conditions of the prisoner's confinement and requests monetary compensation for such conditions." (quotation omitted) ). Jacobs must exhaust state remedies before he may bring his application. 28 U.S.C. § 2254(b)(1)(A); Montez, 208 F.3d at 866 ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254.").

In his application for a COA, Jacobs claims that he "filed two writs of Habeas Corpus in Harvey County Dist. Court. Case numbers 01-C-131, 01-C-130." (COA Application at 11.) On August 31, 2001, the state district court denied relief in No. 01-C-131. In its order denying relief, the state court also

noted that it had previously denied relief in No. 01-C-130. Jacobs has not

exhausted available state remedies in the present case based on Case Nos. 01-C-

130 and 01-C-131 because they occurred prior to the challenged decision of the

parole board. See Kan. Stat. Ann. § 60-1501 ("[A]ny person in this state who is

detained, confined, or restrained of liberty on any pretense whatsoever . . . may

prosecute a writ of habeas corpus . . . .").

His failure to exhaust notwithstanding, Jacobs contends that we should

grant a COA and vacate the district court's judgment because he lacked access to

a law library during the district court proceedings. In his application for a COA

filed in the district court, he stated:

> I've been denied legal access by Hutchinson Correctional Facility. I
> can not visit the legal library as I wish. The Librarian sets a time
> when you can go and that's only about three times a month for maybe
> one and a half to two hours a day. And you have to wait on books
> because other people are using them.

(R. Doc. 10 at 1.) Even so, Jacobs is not relieved of his duty to exhaust available

state remedies. Title 28 U.S.C. § 2254(b)(2)(B) provides that exhaustion is not

required where "(i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights

of the applicant." Neither exception applies here. See also Duckworth v.

Serrano, 454 U.S. 1, 3 (1981) ("An exception [to the exhaustion requirement] is

made only if there is no opportunity to obtain redress in state court or if the

corrective process is so clearly deficient as to render futile any effort to obtain relief.").

Insofar as Jacobs's complaint also seeks monetary damages stemming from his parole revocation, it is premature, and the district court correctly dismissed it. The defects challenged by Jacobs necessarily imply the invalidity of the parole decision; consequently, before he may obtain monetary damages stemming from that decision, Jacobs must demonstrate that the decision has previously been invalidated.  See Edwards v. Balisok, 520 U.S. 641, 646, 648 (1997).

In order to grant a COA, we must conclude that "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted).  Jacobs does not meet this burden.  Accordingly, upon our examination of the record, we **DENY** the application for a COA and **DISMISS** this matter.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge